UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILEMEDIA IDEAS LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 2:10-CV-113 (TJW) |
| v. | § | |
| | § | JURY TRIAL REQUESTED |
| RESEARCH IN MOTION LIMITED and | § | |
| RESEARCH IN MOTION CORPORATION | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS RESEARCH IN MOTION LIMITED AND RESEARCH IN MOTION CORPORATION'S ANSWER TO MOBILEMEDIA IDEAS LLC'S COMPLAINT AND COUNTERCLAIMS**

Defendants Research In Motion Limited ("RIM Ltd.") and Research In Motion Corporation ("RIM Corp.") (collectively, "Defendants"), by its attorneys, hereby answer the Complaint of Plaintiff MobileMedia Ideas LLC ("MMI") as follows:

## PARTIES

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.      Defendants admit that RIM Ltd. is a corporation organized and existing under the laws of the Province of Ontario, Canada.   Defendants admit the allegations contained in the second sentence of Paragraph 2.   Defendants admit that RIM Ltd. sells its smartphone products throughout the United States. Defendants deny any remaining allegations contained in Paragraph 2.

3.      Defendants admit the allegations contained in the first and second sentences of Paragraph 3.  Defendants admit that RIM Corp. sells smartphone products throughout the United States.  Defendants deny any remaining allegations contained in Paragraph 3.

## JURISDICTION AND VENUE

4.      Defendants admit that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, but deny that MMI is entitled to any relief.

5.      No answer is required to the allegations contained in Paragraph 5, which merely consist of conclusions of law.

6.      No answer is required to the allegations contained in Paragraph 6, which merely consist of conclusions of law.

## SUMMARY OF CLAIMS

7.      Defendants admit that MMI purports to bring a patent infringement action against Defendants, but deny that MMI is entitled to any relief, and deny any remaining allegations contained in Paragraph 7.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and on that basis deny all allegations contained therein.

9.      Defendants deny the allegations contained in Paragraph 9.

10.     Defendants deny the allegations contained in Paragraph 10.

## FACTS

### Patents-in-Suit

11.     Defendants admit that United States Patent No. 5,479,476 ("the '476 patent") was issued on December 26, 1995, is entitled "Mobile telephone having groups of user adjustable

operating characteristics for facilitating adjustment of several operating characteristics," and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 11. Defendants admit that a copy of the '476 patent is attached as Exhibit A to the Complaint, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 11.

12.     Defendants admit that United States Patent No. 5,845,219 ("the '219 patent") was issued on December 1, 1998, is entitled "Mobile station having priority call altering function during silent service mode," and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 12. Defendants admit that a copy of the '219 patent is attached as Exhibit B to the Complaint, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 12.

13.     Defendants admit that United States Patent No. 6,055,439 ("the '439 patent") was issued on April 25, 2000, is entitled "Mobile telephone user interface," and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 13. Defendants admit that a copy of the '439 patent is attached to the Complaint as Exhibit C, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 13.

14.     Defendants admit that United States Patent No. 6,253,075 ("the '075 patent") was issued on June 26, 2001, is entitled "Method and apparatus for incoming call rejection," and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 14. Defendants admit that a copy of the '075 patent is attached to the Complaint as Exhibit D, and are without knowledge or information

US1DOCS 7649683v2

sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 14.

15.    Defendants admit that United States Patent No. 6,427,078 ("the '078 patent") was issued on July 30, 2002, is entitled "Device for personal communications, data collection and data processing, and a circuit card," and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 15.  Defendants admit that a copy of the '078 patent is attached to the Complaint as Exhibit E, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 15.

16.    Defendants admit that United States Patent No. RE39,231 ("the RE'231 patent") was issued on August 8, 2006, is entitled "Communication terminal equipment and call incoming control method," and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 16.  Defendants admit that a copy of the RE'231 patent is attached to the Complaint as Exhibit F, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 16.

17.    Defendants admit that United States Patent No. 5,732,390 ("the '390 patent") was issued on March 24, 1998, is entitled "Speech signal transmitting and receiving apparatus with noise sensitive volume control," and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 17. Defendants admit that a copy of the '390 patent is attached to the Complaint as Exhibit G, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 17.

18.    Defendants admit that United States Patent No. 5,737,394 ("the '394 patent") was issued on April 7, 1998, is entitled "Portable telephone apparatus having a plurality of selectable

functions activated by the use of dedicated and/or soft keys," and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 18. Defendants admit that a copy of the '394 patent is attached to the Complaint as Exhibit H, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 18.

19.    Defendants admit that United States Patent No. 6,070,068 ("the '068 patent") was issued on May 30, 2000, is entitled "Communications terminal device and method for controlling a connecting state of a call into a desired connection state upon a predetermined operation by a user," and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 19. Defendants admit that a copy of the '068 patent is attached to the Complaint as Exhibit I, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 19.

20.    Defendants admit that United States Patent No. 6,389,301 ("the '301 patent") was issued on May 14, 2002, is entitled "Portable radio information terminal apparatus, display screen operating method, recording medium, and microcomputer apparatus," and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 20. Defendants admit that a copy of the '301 patent is attached to the Complaint as Exhibit J, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 20.

21.    Defendants admit that United States Patent No. 6,446,080 ("the '080 patent") was issued on September 3, 2002, is entitled "Method for creating, modifying, and playing a custom playlist, saved as virtual CD, to be played by a digital audio/visual actuator device," and are without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in the first sentence of Paragraph 21.  Defendants admit that a copy of the '080 patent is attached to the Complaint as Exhibit K, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 21.

22.     Defendants admit that United States Patent No. 7,349,012 ("the '012 patent") was issued on March 25, 2008, is entitled "Imaging apparatus with higher and lower resolution converters and a compression unit to compress decreased resolution image data," and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 22.  Defendants admit that a copy of the '012 patent is attached to the Complaint as Exhibit L, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 22.

### Notice to Defendants

23.     Defendants admit that RIM Ltd. had received a letter regarding the patents-in-suit on or after February 16, 2010.  No answer is required to the remaining allegations contained in Paragraph 23, which merely purport to describe or characterize the contents of the letter.  To the extent that any answer is required to the remaining allegations contained in Paragraph 23, RIM Ltd. denies that such allegations are full or complete.

24.     Defendants admit that RIM Ltd. had received a letter regarding the patents-in-suit on or after February 16, 2010.  No answer is required to the remaining allegations contained in Paragraph 24, which merely purport to describe or characterize the contents of the letter.  To the extent that any answer is required to the remaining allegations contained in Paragraph 24, RIM Corp. denies that such allegations are full or complete.

US1DOCS 7649683v2

## FIRST CAUSE OF ACTION

### (Infringement of the '476 Patent)

25.     Defendants incorporate their answers to the allegations set forth in Paragraphs 1-24 as if fully set forth here.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and on that basis deny all allegations contained therein.

27.     Defendants deny the allegations contained in Paragraph 27.

28.     Defendants deny the allegations contained in Paragraph 28.

29.     Defendants deny the allegations contained in Paragraph 29.

## SECOND CAUSE OF ACTION

### (Infringement of the '219 Patent)

30.     Defendants incorporate by reference their answers to the allegations set forth in Paragraphs 1-24 of the Complaint as if fully set forth here.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and on that basis deny all allegations contained therein.

32.     Defendants deny the allegations contained in Paragraph 32.

33.     Defendants deny the allegations contained in Paragraph 33.

34.     Defendants deny the allegations contained in Paragraph 34.

## THIRD CAUSE OF ACTION

### (Infringement of the '439 Patent)

35.     Defendants incorporate by reference their answers to the allegations set forth in Paragraphs 1-24 as if fully set forth here.

US1DOCS 7649683v2

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and on that basis deny all allegations contained therein.

37.     Defendants deny the allegations contained in Paragraph 37.

38.     Defendants deny the allegations contained in Paragraph 38.

39.     Defendants deny the allegations contained in Paragraph 39.

## FOURTH CAUSE OF ACTION

(Infringement of the '075 Patent)

40.     Defendants incorporate by reference their answers to the allegations set forth in Paragraphs 1-24 as if fully set forth here.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and on that basis deny all allegations contained therein.

42.     Defendants deny the allegations contained in Paragraph 42.

43.     Defendants deny the allegations contained in Paragraph 43.

44.     Defendants deny the allegations contained in Paragraph 44.

## FIFTH CAUSE OF ACTION

(Infringement of the '078 Patent)

45.     Defendants incorporate by reference their answers to the allegations set forth in Paragraphs 1-24 as if fully set forth here.

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and on that basis deny all allegations contained therein.

47.     Defendants deny the allegations contained in Paragraph 47.

48.   Defendants deny the allegations contained in Paragraph 48.

49.   Defendants deny the allegations contained in Paragraph 49.

## SIXTH CAUSE OF ACTION

### (Infringement of the '231 Patent)

50.   Defendants incorporate by reference their answers to the allegations set forth in Paragraphs 1-24 as if fully set forth here.

51.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and on that basis deny all allegations contained therein.

52.   Defendants deny the allegations contained in Paragraph 52.

53.   Defendants deny the allegations contained in Paragraph 53.

54.   Defendants deny the allegations contained in Paragraph 54.

## SEVENTH CAUSE OF ACTION

### (Infringement of the '390 Patent)

55.   Defendants incorporate by reference their answers to the allegations set forth in Paragraphs 1-24 as if fully set forth here.

56.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and on that basis deny all allegations contained therein.

57.   Defendants deny the allegations contained in Paragraph 57.

58.   Defendants deny the allegations contained in Paragraph 58.

59.   Defendants deny the allegations contained in Paragraph 59.

US1DOCS 7649683v2

## EIGHTH CAUSE OF ACTION

### (Infringement of the '394 Patent)

60.    Defendants incorporate by reference their answers to the allegations set forth in Paragraphs 1-24 as if fully set forth here.

61.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and on that basis deny all allegations contained therein.

62.    Defendants deny the allegations contained in Paragraph 62.

63.    Defendants deny the allegations contained in Paragraph 63.

64.    Defendants deny the allegations contained in Paragraph 64.

## NINTH CAUSE OF ACTION

### (Infringement of the '068 Patent)

65.    Defendants incorporate by reference their answers to the allegations set forth in Paragraphs 1-24 as if fully set forth here.

66.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and on that basis deny all allegations contained therein.

67.    Defendants deny the allegations contained in Paragraph 67.

68.    Defendants deny the allegations contained in Paragraph 68.

69.    Defendants deny the allegations contained in Paragraph 69.

## TENTH CAUSE OF ACTION

### (Infringement of the '301 Patent)

70.    Defendants incorporate by reference their answers to the allegations set forth in Paragraphs 1-24 as if fully set forth here.

US1DOCS 7649683v2

71.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and on that basis deny all allegations contained therein.

72.     Defendants deny the allegations contained in Paragraph 72.

73.     Defendants deny the allegations contained in Paragraph 73.

74.     Defendants deny the allegations contained in Paragraph 74.

## ELEVENTH CAUSE OF ACTION

### (Infringement of the '080 Patent)

75.     Defendants incorporate by reference their answers to the allegations set forth in Paragraphs 1-24 as if fully set forth here.

76.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and on that basis deny all allegations contained therein.

77.     Defendants deny the allegations contained in Paragraph 77.

78.     Defendants deny the allegations contained in Paragraph 78.

79.     Defendants deny the allegations contained in paragraph 79.

80.     Defendants deny the allegations contained in Paragraph 80.

81.     Defendants deny the allegations contained in Paragraph 81.

82.     Defendants deny the allegations contained in Paragraph 82.

## TWELFTH CAUSE OF ACTION

### (Infringement of the '012 Patent)

83.     Defendants incorporate by reference their answers to the allegations set forth in Paragraphs 1-24 as if fully set forth here.

US1DOCS 7649683v2

84.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and on that basis deny all allegations contained therein.

85.     Defendants deny the allegations contained in Paragraph 85.

86.     Defendants deny the allegations contained in Paragraph 86.

87.     Defendants deny the allegations contained in Paragraph 87.

FURTHER, RIM denies that MMI is entitled to any relief whatsoever, either as prayed for in its complaint or otherwise.

## AFFIRMATIVE DEFENSES

RIM asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on the Plaintiff, to the allegations in MMI's complaint.  RIM reserves the right to amend its answer and affirmative defenses as this matter progresses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants do not infringe and have not infringed, either directly, jointly, indirectly, contributorily or by inducement, any valid and enforceable claim of any of the patents-in-suit, either literally or under the doctrine of equivalents, willfully or otherwise.

### THIRD AFFIRMATIVE DEFENSE

Each and every claim of the patents-in-suit are invalid and/or void for failure to comply with one or more requirements of Part II of Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

### FOURTH AFFIRMATIVE DEFENSE

MMI's claims are barred in whole or in part by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

MMI's claims are barred in whole or in part by waiver.

## SIXTH AFFIRMATIVE DEFENSE

MMI's claims are barred in whole or in part by the doctrines of estoppel and/or equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

MMI's claims are barred in whole or in part by its unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

By reason of proceedings in the United States Patent and Trademark Office during prosecution of each and every one of the patents-in-suit, and specifically statements, arguments, amendments, assertions, and/or representations made by or on behalf of the applicants for the patents-in-suit; and/or by reason of prior statements, assertions, and/or representations made by or on behalf of MMI's alleged predecessors in interest to the patents-in-suit in this or another Court, MMI is estopped from asserting any construction of the claims of the patents-in-suit that would cover any product, method, or service of Defendants accused of infringement in this case.

## NINTH AFFIRMATIVE DEFENSE

By reason of proceedings in the United States Patent and Trademark Office during prosecution of each and every one of the patents-in-suit, and specifically statements, arguments, amendments, assertions, and/or representations made by or on behalf of the applicants for the patents-in-suit, MMI is estopped to construe the claims of the patents-in-suit in any way to cover any product, method, or service of Defendants under the Doctrine of Equivalents.

## TENTH AFFIRMATIVE DEFENSE

On information and belief, MMI's claims are barred, in whole or in part, because MMI does not possess all rights in the patents-in-suit and therefore lacks standing to bring suit.

US1DOCS 7649683v2

## ELEVENTH AFFIRMATIVE DEFENSE

On information and belief, MMI's claims are barred, in whole or in part, because MMI failed to join the owner or owners of one or more of the patents-in-suit.

## TWELFTH AFFIRMATIVE DEFENSE

MMI's claim for damages is limited by 35 U.S.C. § 286.

## THIRTEENTH AFFIRMATIVE DEFENSE

MMI is barred in whole or in part from recovering any damages for any alleged infringement of the patents-in-suit pursuant to 35 U.S.C. § 287.

## FOURTEENTH AFFIRMATIVE DEFENSE

MMI is precluded from recovering costs under 35 U.S.C. § 288.

## FIFTEENTH AFFIRMATIVE DEFENSE

MMI's claim for injunctive relief is barred because MMI has an adequate remedy at law.

## SIXTEENTH AFFIRMATIVE DEFENSE

MMI's claims are barred, at least in part, by 28 U.S.C. § 1498.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to intervening rights pursuant to 35 U.S.C. §§ 252 and 307.

## EIGHTEENTH AFFIRMATIVE DEFENSE

MMI's claims are barred in whole or in part by the doctrine of implied license.

## NINETEENTH AFFIRMATIVE DEFENSE

MMI's claims are barred in whole or in part by the doctrine of patent exhaustion.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, counterclaimants RIM Ltd. and RIM Corp. (collectively, "Counterclaimants") hereby bring its counterclaims against counterclaim-defendant MMI, alleging as follows:

## THE PARTIES

1.      RIM Ltd. is a corporation organized and existing under the laws of the Province of Ontario, Canada and has its principal place of business in Waterloo, Ontario, Canada.

2.      RIM Corp. is a corporation organized and existing under the laws of the state of Delaware and has its principal place of business in Irving, Texas.

3.      Upon information and belief, MMI is a limited liability company organized and existing under the laws of the state of Delaware and has its principal place of business in Chevy Chase, Maryland.

4.      MMI has brought suit against Counterclaimants alleging infringement of U.S. Patent Nos. 5,479,476 ("the '476 patent"); 5,845,219 (the "'219 patent"); 6,055,439 (the "'439 patent"); 6,253,075 (the "'075 patent"); 6,427,078 (the "'078 patent"); RE39,231 (the "'231 patent"); 5,732,390 (the "'390 patent"); 5,737,394 (the "'394 patent"); 6,070,068 (the "'068 patent"); 6,389,301 (the "'301 patent"); 6,446,080 (the "'080 patent"); and 7,349,012 (the "'012 patent").

## JURISDICTION AND VENUE

5.      These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* and under the declaratory judgment act, 28 U.S.C. §§ 2201 and 2202.

6.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      MMI is subject to the personal jurisdiction of this Court.

8.      In the interests of justice and for the reasons set forth in Counterclaimants' Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), this Court should transfer this action to the Northern District of Texas.  However, to the extent that the Court determines this venue is proper for MMI's claims, venue is also proper for RIM Ltd.'s and RIM Corp.'s counterclaims.

## FIRST CAUSE OF ACTION

9.      Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

10.     The '476 patent was issued by the United States Patent and Trademark Office on December 26, 1995.

11.     MMI claims to own and hold the rights to the '476 patent.

12.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the infringement of the '476 patent.

13.     Counterclaimants have not infringed, are not infringing and are not threatening to infringe the '476 patent, directly, jointly, or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise.

14.     Counterclaimants are entitled to a declaratory judgment that they have not infringed and are not infringing the '476 patent.

## SECOND CAUSE OF ACTION

15.     Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

16.     The '219 patent was issued by the United States Patent and Trademark Office on December 1, 1998.

17.     MMI claims to own and hold the rights to the '219 patent.

18.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the infringement of the '219 patent.

- 16 -

19.     Counterclaimants have not infringed, are not infringing and are not threatening to infringe the '219 patent, directly, jointly, or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise.

20.     Counterclaimants are entitled to a declaratory judgment that they have not infringed and are not infringing the '219 patent.

## THIRD CAUSE OF ACTION

21.     Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

22.     The '439 patent was issued by the United States Patent and Trademark Office on April 25, 2000.

23.     MMI claims to own and hold the rights to the '439 patent.

24.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the infringement of the '439 patent.

25.     Counterclaimants have not infringed, are not infringing and are not threatening to infringe the '439 patent, directly, jointly, or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise.

26.     Counterclaimants are entitled to a declaratory judgment that they have not infringed and are not infringing the '439 patent.

## FOURTH CAUSE OF ACTION

27.     Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim above as if fully set forth here.

US1DOCS 7649683v2

28.     The '075 patent was issued by the United States Patent and Trademark Office on June 26, 2001.

29.     MMI claims to own and hold the rights to the '075 patent.

30.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the infringement of the '075 patent.

31.     Counterclaimants have not infringed, are not infringing and are not threatening to infringe the '075 patent, directly, jointly, or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise.

32.     Counterclaimants are entitled to a declaratory judgment that they have not infringed and are not infringing the '075 patent.

## FIFTH CAUSE OF ACTION

33.     Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

34.     The '078 patent was issued by the United States Patent and Trademark Office on July 30, 2002.

35.     MMI claims to own and hold the rights to the '078 patent.

36.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the infringement of the '078 patent.

37.     Counterclaimants have not infringed, are not infringing and are not threatening to infringe the '078 patent, directly, jointly, or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise.

US1DOCS 7649683v2

38.     Counterclaimants are entitled to a declaratory judgment that they have not infringed and are not infringing the '078 patent.

## SIXTH CAUSE OF ACTION

39.     Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

40.     The RE'231 Patent was issued by the United States Patent and Trademark Office on August 8, 2006.

41.     MMI claims to own and hold the rights to the '231 patent.

42.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the infringement of the '231 patent.

43.     Counterclaimants have not infringed, are not infringing and are not threatening to infringe the '231 patent, directly, jointly, or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise.

44.     Counterclaimants are entitled to a declaratory judgment that they have not infringed and are not infringing the '231 patent.

## SEVENTH CAUSE OF ACTION

45.     Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

46.     The '390 patent was issued by the United States Patent and Trademark Office on March 24, 1998.

47.     MMI claims to own and hold the rights to the '390 patent.

- 19 -

48.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the infringement of the '390 patent.

49.     Counterclaimants have not infringed, are not infringing and are not threatening to infringe the '390 patent, directly, jointly, or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise.

50.     Counterclaimants are entitled to a declaratory judgment that they have not infringed and are not infringing the '390 patent.

### EIGHTH CAUSE OF ACTION

51.     Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

52.     The '394 patent was issued by the United States Patent and Trademark Office on April 7, 1998.

53.     MMI claims to own and hold the rights to the '394 patent.

54.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the infringement of the '394 Patent.

55.     Counterclaimants have not infringed, are not infringing and are not threatening to infringe the '394 patent, directly, jointly, or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise.

56.     Counterclaimants are entitled to a declaratory judgment that they have not infringed and are not infringing the '394 patent.

- 20 -

## NINTH CAUSE OF ACTION

57.      Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim above as if fully set forth here.

58.      The '068 patent was issued by the United States Patent and Trademark Office on May 30, 2000.

59.      MMI claims to own and hold the rights to the '068 patent.

60.      An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the infringement of the '068 patent.

61.      Counterclaimants have not infringed, are not infringing and are not threatening to infringe the '068 patent, directly, jointly, or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise.

62.      Counterclaimants are entitled to a declaratory judgment that they have not infringed and are not infringing the '068 patent.

## TENTH CAUSE OF ACTION

63.      Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 above as if fully set forth here.

64.      The '301 patent was issued by the United States Patent and Trademark Office on May 14, 2002.

65.      MMI claims to own and hold the rights to the '301 patent.

66.      An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the infringement of the '301 patent.

- 21 -

67.    Counterclaimants have not infringed, are not infringing and are not threatening to infringe the '301 patent, directly, jointly, or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise.

68.    Counterclaimants are entitled to a declaratory judgment that they have not infringed and are not infringing the '301 patent.

## ELEVENTH CAUSE OF ACTION

69.    Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

70.    The '080 patent was issued by the United States Patent and Trademark Office on September 3, 2002.

71.    MMI claims to own and hold the rights to the '080 patent.

72.    An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the infringement of the '080 patent.

73.    Counterclaimants have not infringed, are not infringing and are not threatening to infringe the '080 patent, directly, jointly, or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise.

74.    Counterclaimants are entitled to a declaratory judgment that they have not infringed and are not infringing the '080 patent.

## TWELFTH CAUSE OF ACTION

75.    Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

76.    The '012 patent was issued by the United States Patent and Trademark Office on March 25, 2008.

77.    MMI claims to own and hold the rights to the '012 patent.

78.    An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the infringement of the '012 patent.

79.    Counterclaimants have not infringed, are not infringing and are not threatening to infringe the '012 patent, directly, jointly, or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise.

80.    Counterclaimants are entitled to a declaratory judgment that they have not infringed and are not infringing the '012 patent.

## THIRTEENTH CAUSE OF ACTION

81.    Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

82.    An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the validity of the '476 patent.

83.    Upon information and belief, each and every claim of the '476 patent are invalid and void for failing to meet one or more of the requirements and/or conditions for patentability specified by Title 35 of the United States Code § 101 et seq., including without limitation, §§ 102, 103, and/or 112.

84.    Counterclaimants are entitled to a declaratory judgment that the claims of the '476 patent are invalid.

- 23 -

## FOURTEENTH CAUSE OF ACTION

85.     Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

86.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the validity of the '219 patent.

87.     Upon information and belief, each and every claim of the '219 patent are invalid and void for failing to meet one or more of the requirements and/or conditions for patentability specified by Title 35 of the United States Code § 101 et seq., including without limitation, §§ 102, 103, and/or 112.

88.     Counterclaimants are entitled to a declaratory judgment that the claims of the '219 patent are invalid.

## FIFTEENTH CAUSE OF ACTION

89.     Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

90.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the validity of the '439 patent.

91.     Upon information and belief, each and every claim of the '439 patent are invalid and void for failing to meet one or more of the requirements and/or conditions for patentability specified by Title 35 of the United States Code § 101 et seq., including without limitation, §§ 102, 103, and/or 112.

US1DOCS 7649683v2

92.     Counterclaimants are entitled to a declaratory judgment that the claims of the '439 patent are invalid.

### SIXTEENTH CAUSE OF ACTION

93.     Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

94.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the validity of the '075 patent.

95.     Upon information and belief, each and every claim of the '075 patent are invalid and void for failing to meet one or more of the requirements and/or conditions for patentability specified by Title 35 of the United States Code § 101 et seq., including without limitation, §§ 102, 103, and/or 112.

96.     Counterclaimants are entitled to a declaratory judgment that the claims of the '075 patent are invalid.

### SEVENTEENTH CAUSE OF ACTION

97.     Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

98.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the validity of the '078 patent.

99.     Upon information and belief, each and every claim of the '078 patent are invalid and void for failing to meet one or more of the requirements and/or conditions for patentability

specified by Title 35 of the United States Code § 101 et seq., including without limitation, §§ 102, 103, and/or 112.

100.   Counterclaimants are entitled to a declaratory judgment that the claims of the '078 patent are invalid.

## EIGHTEENTH CAUSE OF ACTION

101.   Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

102.   An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the validity of the '231 patent.

103.   Upon information and belief, each and every claim of the '231 patent are invalid and void for failing to meet one or more of the requirements and/or conditions for patentability specified by Title 35 of the United States Code § 101 et seq., including without limitation, §§ 102, 103, and/or 112.

104.   Counterclaimants are entitled to a declaratory judgment that the claims of the '231 patent are invalid.

## NINETEENTH CAUSE OF ACTION

105.   Counterclaimants incorporate by reference the allegations contained in Paragraphs 107 of this Counterclaim as if fully set forth here.

106.   An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the validity of the '390 patent.

107.   Upon information and belief, each and every claim of the '390 patent are invalid and void for failing to meet one or more of the requirements and/or conditions for patentability specified by Title 35 of the United States Code § 101 et seq., including without limitation, §§ 102, 103, and/or 112.

108.   Counterclaimants are entitled to a declaratory judgment that the claims of the '390 patent are invalid.

## TWENTIETH CAUSE OF ACTION

109.   Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

110.   An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the validity of the '394 patent.

111.   Upon information and belief, each and every claim of the '394 patent are invalid and void for failing to meet one or more of the requirements and/or conditions for patentability specified by Title 35 of the United States Code § 101 et seq., including without limitation, §§ 102, 103, and/or 112.

112.   Counterclaimants are entitled to a declaratory judgment that the claims of the '394 patent are invalid.

## TWENTY FIRST CAUSE OF ACTION

113.   Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

114.    An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the validity of the '068 patent.

115.    Upon information and belief, each and every claim of the '068 patent are invalid and void for failing to meet one or more of the requirements and/or conditions for patentability specified by Title 35 of the United States Code § 101 et seq., including without limitation, §§ 102, 103, and/or 112.

116.    Counterclaimants are entitled to a declaratory judgment that the claims of the '068 patent are invalid.

## TWENTY SECOND CAUSE OF ACTION

117.    Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

118.    An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the validity of the '301 patent.

119.    Upon information and belief, each and every claim of the '301 patent are invalid and void for failing to meet one or more of the requirements and/or conditions for patentability specified by Title 35 of the United States Code § 101 et seq., including without limitation, §§ 102, 103, and/or 112.

120.    Counterclaimants are entitled to a declaratory judgment that the claims of the '301 patent are invalid.

US1DOCS 7649683v2

## TWENTY THIRD CAUSE OF ACTION

121.    Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

122.    An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the validity of the '080 patent.

123.    Upon information and belief, each and every claim of the '080 patent are invalid and void for failing to meet one or more of the requirements and/or conditions for patentability specified by Title 35 of the United States Code § 101 et seq., including without limitation, §§ 102, 103, and/or 112.

124.    Counterclaimants are entitled to a declaratory judgment that the claims of the '080 patent are invalid.

## TWENTY FOURTH CAUSE OF ACTION

125.    Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

126.    An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the validity of the '012 patent.

127.    Upon information and belief, each and every claim of the '012 patent are invalid and void for failing to meet one or more of the requirements and/or conditions for patentability specified by Title 35 of the United States Code § 101 et seq., including without limitation, §§ 102, 103, and/or 112.

US1DOCS 7649683v2

128.   Counterclaimants are entitled to a declaratory judgment that the claims of the '012 patent are invalid.

## TWENTY FIFTH CAUSE OF ACTION

129.   Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

130.   An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the enforceability of the '476 patent.

131.   Upon information and belief, the '476 patent is unenforceable because of waiver, estoppel, laches, unclean hands, implied license, patent exhaustion, and/or other applicable equitable doctrines.

132.   Counterclaimants are entitled to a declaratory judgment that the '476 patent is unenforceable.

## TWENTY SIXTH CAUSE OF ACTION

133.   Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

134.   An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the enforceability of the '219 patent.

135.   Upon information and belief, the '219 patent is unenforceable because of waiver, estoppel, laches, unclean hands, implied license, patent exhaustion, and/or other applicable equitable doctrines.

136.   Counterclaimants are entitled to a declaratory judgment that the '219 patent is unenforceable.

## TWENTY SEVENTH CAUSE OF ACTION

137.   Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

138.   An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the enforceability of the '439 patent.

139.   Upon information and belief, the '439 patent is unenforceable because of waiver, estoppel, laches, unclean hands, implied license, patent exhaustion, and/or other applicable equitable doctrines.

140.   Counterclaimants are entitled to a declaratory judgment that the '439 patent is unenforceable.

## TWENTY EIGHTH CAUSE OF ACTION

141.   Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

142.   An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the enforceability of the '075 patent.

143.   Upon information and belief, the '075 patent is unenforceable because of waiver, estoppel, laches, unclean hands, implied license, patent exhaustion, and/or other applicable equitable doctrines.

US1DOCS 7649683v2

144.   Counterclaimants are entitled to a declaratory judgment that the '075 patent is unenforceable.

## TWENTY NINTH CAUSE OF ACTION

145.   Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

146.   An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the enforceability of the '078 patent.

147.   Upon information and belief, the '078 patent is unenforceable because of waiver, estoppel, laches, unclean hands, implied license, patent exhaustion, and/or other applicable equitable doctrines.

148.   Counterclaimants are entitled to a declaratory judgment that the '078 patent is unenforceable.

## THIRTIETH CAUSE OF ACTION

149.   Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 above as if fully set forth here.

150.   An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the enforceability of the '231 patent.

151.   Upon information and belief, the '231 patent is unenforceable because of waiver, estoppel, laches, unclean hands, implied license, patent exhaustion, and/or other applicable equitable doctrines.

US1DOCS 7649683v2

152.    Counterclaimants are entitled to a declaratory judgment that the '231 patent is unenforceable.

### THIRTY FIRST CAUSE OF ACTION

153.    Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

154.    An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the enforceability of the '390 patent.

155.    Upon information and belief, the '390 patent is unenforceable because of waiver, estoppel, laches, unclean hands, implied license, patent exhaustion, and/or other applicable equitable doctrines.

156.    Counterclaimants are entitled to a declaratory judgment that the '390 patent is unenforceable.

### THIRTY SECOND CAUSE OF ACTION

157.    Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

158.    An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the enforceability of the '394 patent.

159.    Upon information and belief, the '394 patent is unenforceable because of waiver, estoppel, laches, unclean hands, implied license, patent exhaustion, and/or other applicable equitable doctrines.

USIDOCS 7649683v2

160.    Counterclaimants are entitled to a declaratory judgment that the '394 patent is unenforceable.

### THIRTY THIRD CAUSE OF ACTION

161.    Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

162.    An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the enforceability of the '068 patent.

163.    Upon information and belief, the '068 patent is unenforceable because of waiver, estoppel, laches, unclean hands, implied license, patent exhaustion, and/or other applicable equitable doctrines.

164.    Counterclaimants are entitled to a declaratory judgment that the '068 patent is unenforceable.

### THIRTY FOURTH CAUSE OF ACTION

165.    Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

166.    An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the enforceability of the '301 patent.

167.    Upon information and belief, the '301 patent is unenforceable because of waiver, estoppel, laches, unclean hands, implied license, patent exhaustion, and/or other applicable equitable doctrines.

168.    Counterclaimants are entitled to a declaratory judgment that the '301 patent is unenforceable.

## THIRTY FIFTH CAUSE OF ACTION

169.    Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

170.    An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the enforceability of the '080 patent.

171.    Upon information and belief, the '080 patent is unenforceable because of waiver, estoppel, laches, unclean hands, implied license, patent exhaustion, and/or other applicable equitable doctrines.

172.    Counterclaimants are entitled to a declaratory judgment that the '080 patent is unenforceable.

## THIRTY SIXTH CAUSE OF ACTION

173.    Counterclaimants incorporate by reference the allegations contained in Paragraphs 1-8 of this Counterclaim as if fully set forth here.

174.    An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between MMI and Counterclaimants with respect to the enforceability of the '012 patent.

175.    Upon information and belief, the '012 patent is unenforceable because of waiver, estoppel, laches, unclean hands, implied license, patent exhaustion, and/or other applicable equitable doctrines.

US1DOCS 7649683v2

176.    Counterclaimants are entitled to a declaratory judgment that the '012 patent is unenforceable.

## REQUEST FOR RELIEF

**WHEREFORE,** RIM Ltd. and RIM Corp. respectfully request entry of judgment in their favor and against MMI as follows:

A.    That MMI's Complaint be dismissed with prejudice.

B.    That the Court enter judgment against MMI and in favor of RIM Ltd. and RIM Corp.

C.    That the Court enter a declaratory judgment declaring that RIM Ltd. and RIM Corp. do not directly or indirectly infringe the patents-in-suit.

D.    That the Court enter a declaratory judgment declaring the claims of the patents-in-suit to be invalid and/or void.

E.    That the Court enter a declaratory judgment declaring the claims of the patents-in-suit to be unenforceable.

F.    That this case be declared "exceptional" under the provisions of 35 U.S.C. § 285, among other statutes, and that RIM Ltd. and RIM Corp. be awarded its costs, expenses and reasonable attorneys' fees upon prevailing in this action; and

G.    That the Court award RIM Ltd. and RIM Corp. such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR A JURY TRIAL

RIM Ltd. and RIM Corp. demand a jury trial on all claims so triable.

US1DOCS 7649683v2

Dated: September 7, 2010 _____        *Respectfully submitted,*

                                        By: _/s/_ Joe W. Redden, Jr. _____
                                            Joe W. Redden, Jr.
                                            State Bar No. 16660600
                                            jredden@brsfirm.com
                                            Michael Richardson
                                            State Bar No. 24002838
                                            mrichardson@brsfirm.com
                                        BECK REDDEN & SECREST, LLP
                                        One Houston Center
                                        1221 McKinney Street, Suite 4500
                                        Houston, Texas 77010
                                        Telephone: (713) 951-3700
                                        Facsimile: (713) 951-3720

                                        OF COUNSEL:
                                        Mark G. Matuschak
                                        mark.matuschak@wilmerhale.com
                                        WILMER CUTLER PICKERING
                                        HALE AND DORR LLP
                                        60 State Street
                                        Boston, Massachusetts 02109
                                        Telephone: (617) 526-6000
                                        Facsimile: (617) 526-5000

                                        S. Calvin Walden
                                        calvin.walden@wilmerhale.com
                                        Kate Hutchins
                                        kate.hutchins@wilmerhale.com
                                        WILMER CUTLER PICKERING
                                        HALE AND DORR LLP
                                        399 Park Avenue
                                        New York, NY 10022
                                        Telephone: (212) 230-8800
                                        Facsimile: (212) 230-8888

                                        James M. Dowd
                                        james.dowd@wilmerhale.com
                                        WILMER CUTLER PICKERING
                                        HALE AND DORR LLP
                                        350 South Grand Avenue, Suite 2100
                                        Los Angeles, CA 90071
                                        Telephone: (213) 443-5300
                                        Facsimile: (213) 443-5400

                                        *Attorneys for Research in Motion Limited*
                                        *and Research in Motion Corporation*

US1DOCS 7649683v2

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record, who are deemed to have consented to electronic service in the above-referenced case, are being served this 7th day of September, 2010 with a copy of the above-document via the court's CM/ECF System per Local Rule CV-5(a)(3).

/s/ Alex Roberts
Alex Roberts

US1DOCS 7649683v2