**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MOBILEMEDIA IDEAS LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 2:10-CV-113 |
| RESEARCH IN MOTION LIMITED and RESEARCH IN MOTION CORPORATION | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

**PLAINTIFF'S UNOPPOSED MOTION FOR LIMITED DISCOVERY ON DEFENDANTS IN ORDER TO RESPOND TO DEFENDANTS' MOTION TO TRANSFER**

Plaintiff MobileMedia Ideas LLC ("MMI" or "Plaintiff") respectfully files this Motion for Limited Discovery on Defendants Research in Motion Limited ("RIM Ltd.") and Research in Motion Corporation ("RIM Corp.") (collectively "Defendants") In Order to Respond to Defendants' Motion to Transfer and respectfully shows the Court the following:

On September 3, 2010, Defendants filed a Motion to Transfer this case to the Northern District of Texas. [Dkt. No. 10.]  Prior to the due date for its response, MMI indicated to Defendants that it needed discovery on certain issues raised in Defendants' motion in order to adequately respond to Defendants' Motion to Transfer.  Over the course of the last several weeks, the parties have discussed the scope of this discovery.  To accommodate these discussions, the Court granted multiple extensions of time to extend the deadline for Plaintiff to respond to Defendants' Motion to Transfer to its current deadline, October 25, 2010.  [Dkt. No. 23, 25, 36, 38, 40, and 42.]

In order to adequately respond to Defendants' Motion to Transfer, Plaintiff seeks leave of court and an order granting Plaintiff the following discovery from Defendants:

- One Federal Rule of Civil Procedure ("FRCP") 30(b)(1) deposition of Barbara A. Parvis, Defendants' declarant;

- One FRCP 30(b)(6) deposition of each of RIM Ltd. and RIM Corp. concerning:

    o The geographic location of Defendants' activities, documents, and other relevant 28 U.S.C. § 1404(a) factors. This topic includes, but is not limited to, the geographic location of all sources of proof related to (1) the accused products and (2) RIM Ltd.'s and RIM Corp.'s finances;

    o The chain of responsibility and/or chain of command under which the relevant witnesses operate, including those employees who were either identified in Defendants' Motion or who are involved in the research and development, design, licensing, marketing, and/or sales of smartphones and/or the selection of the features for the same;

    o With respect to the "290 research and development employees" (Parvis Decl. ¶ 8) as well as the licensing, marketing, and sales personnel operating out of the Irving Texas location (or other nearby locations), (1) the number of those employees whose home address is within the Northern District of Texas and the number whose home address is within the Eastern District of Texas; (2) the county of each of those employees' home residence; or (3) the home city and zip code for each employee;

    o Defendants' responses to the interrogatories below and the documents produced pursuant to Plaintiff's requests for production below;

- Interrogatory No. 1:

    o With respect to the "290 research and development employees" (Parvis Decl. ¶ 8) as well as the licensing, marketing, and sales personnel operating out of the Irving Texas location (or other nearby locations), identify (1) the number of those employees whose home address is within the Northern District of Texas and the number whose home address is within the Eastern District of Texas; (2) the county of each of those employees' home residence; or (3) the home city and zip code for each employee;

- Interrogatory No. 2:

    o Identify the name, county of residence (or, if located in Canada, city of residence), job title, and job description of the three most knowledgeable

2

employees from RIM Ltd. and/or RIM Corp. concerning:

- The development of smartphone features and/or applications, the design of smartphones, and the selection and/or inclusion of smartphone features and/or applications related to the following areas:

  - Handling of incoming calls, including but not limited to ignoring calls, call waiting, conference calling, sending a call to voicemail and dropping a call;
  - Camera image functionality, including but not limited to, the wireless transmission of images and changing an image's resolution;
  - Phone ringing and sound functions, including but not limited to, selecting specific settings ("profiles") and/or exceptions to settings for individual contacts;
  - Media playlist generation and media playlist downloading;
  - Speaker volume, including adjustment based on ambient noise level;
  - Keyboard and button functions (including virtual keys and buttons), including but not limited to, shortcuts, handset dialing, and internet browser navigation;

- With respect to the above-identified technical areas, licensing, marketing, and sales;

- Requests for Admission No. 1:

  o Admit that most of the employees who work on the design of smartphones and the selection and/or inclusion of features work out of the Waterloo or nearby location(s);

- Requests for Admission No. 2:

  o Admit that most of the employees who work on sales and marketing of RIM smartphone devices work out of the Waterloo or nearby location(s);

- Requests for Admission No. 3:

  o Admit that most of the documents and/or physical evidence pertaining to the handling of incoming calls, including but not limited to ignoring calls, call waiting, conference calling, sending a call to voicemail and dropping a call, are located or stored in the Waterloo or nearby location(s);

- Requests for Admission No. 4:

- o Admit that most of the documents and/or physical evidence pertaining to camera image functionality, including but not limited to, the wireless transmission of images and changing an image's resolution, are located or stored in the Waterloo or nearby location(s);

- Requests for Admission No. 5:

  - o Admit that most of the documents and/or physical evidence pertaining to phone ringing and sound functions, including but not limited to, selecting specific settings ("profiles") and/or exceptions to settings for individual contacts, are located or stored in the Waterloo or nearby location(s);

- Requests for Admission No. 6:

  - o Admit that most of the documents and/or physical evidence pertaining to media playlist generation and media playlist downloading, are located or stored in the Waterloo or nearby location(s);

- Requests for Admission No. 7:

  - o Admit that most of the documents and/or physical evidence pertaining to speaker volume, including adjustment based on ambient noise level, are located or stored in the Waterloo or nearby location(s);

- Requests for Admission No. 8:

  - o Admit that most of the documents and/or physical evidence pertaining to keyboard and button functions (including virtual keys and buttons), including but not limited to, shortcuts, handset dialing, and internet browser navigation, are located or stored in the Waterloo or nearby location(s);

- Requests for Admission No. 9:

  - o Admit that most of the documents and/or physical evidence pertaining to marketing, sales and licensing is located or stored in the Waterloo location;

- Documents Requested:

  - o Documents that substantiate the following assertions made in Defendants' Motion and the Parvis Declaration:

    - RIM Corp. has research and development, engineering, licensing, testing, sales, marketing, customer service, and other vital operations in Irving, which (along with its subsidiary, Alt-N, in

4

- nearby Grapevine) houses approximately 600 employees, including approximately 290 employees working in research and development, and most of RIM's licensing and standards personnel. (Parvis Decl. ¶ 8);
- Many employees who work with the accused products—including researchers, mechanical engineers, software developers, and customer service employees—are located in RIM's Texas facility or at its subsidiary facility in nearby Grapevine. (Parvis Decl. ¶ 9);
- A RIM facility for the configuration, packaging and shipping of the accused products is located in Farmers Branch, Texas, also in the Northern District of Texas. (Parvis Decl. ¶ 10);
- RIM employees who have knowledge about RIM's overall business, product development policies, and licensing practices, some of whom may well be deposition and trail witnesses, are located in Irving, Texas. (Parvis Decl. ¶ 11);
- Relevant documents pertaining to the accused devices—e.g., design and development documents, technical specifications, product manuals, and financial records—are located either at RIM's offices in Irving or at RIM's world headquarters in Canada. (Parvis Decl. ¶ 16);
- Most relevant documents, including those describing the structure, function, operation, licensing, manufacture, and sales of the accused products, are available electronically at RIM's Irving Office in the Northern District. This office also has samples of the accused devices and a collection of prior art devices and documents. (Parvis Decl. ¶ 17);
- RIM Corp. has research and development, testing, and customer service operations at its U.S. headquarters in Irving, which (along with RIM's subsidiary, Alt-N, in nearby Grapevine, Texas) employs approximately 600 people, including approximately 290 of whom work in research and development. (Mot. at 3);
- Many of the RIM employees who work with the accused products—including researchers, mechanical engineers, software developers, and customer service employees—are located in RIM's Texas facility or at its subsidiary facility in Grapevine, Texas. (Mot. at 4);
- A RIM facility for the configuration, packaging and shipping of the accused products is located in Farmers Branch, Texas—also in the Northern District. (Mot. at 4);
- Irving, Texas has been RIM's U.S. headquarters since October, 2003. (Mot. at 5);
- Irving is home to most of RIM's licensing and standards personnel. (Mot. at 5);
- RIM employees who have knowledge about RIM's overall business, product development policies, and licensing practices, some of who may well be deposition and trail witnesses, are

5

     located in Irving, Texas. (Mot. at 5);

- All documents that support or refute Ms. Parvis in her FRCP 30(b)(1) deposition, in particular related to the topics above;

- All documents that support or refute any answer to the Interrogatories above;

- All documents Defendants intend to rely upon or submit in this or any future briefing related to transfer, including without limitation, any documents that refute any position that Defendants intend to take in this or any future transfer briefing.

While Defendants have stated that they do not believe that any venue discovery is necessary or appropriate, Defendants have indicated that they are not opposed to the Court granting Plaintiff the ability to take limited venue discovery, subject to Defendants' normal right to object, and accordingly do not oppose this Motion seeking leave to propound the discovery set forth above.

  WHEREFORE, Plaintiff respectfully requests the Court enter an order granting Plaintiff the ability to propound the above identified venue discovery on Defendants.

October 25, 2010                                   Respectfully submitted,
                                                   **McKOOL SMITH, P.C.**

                                                   */s/ Sam Baxter*
                                                   Samuel F. Baxter
                                                   Lead Attorney
                                                   Texas State Bar No. 01938000
                                                   sbaxter@mckoolsmith.com
                                                   104 E. Houston St., Suite 300
                                                   Marshall, Texas 75670
                                                   Telephone: (903) 923-9000
                                                   Facsimile: (903) 923-9099

                                                   John F. Garvish, II
                                                   Texas State Bar No. 24043681
                                                   jgarvish@mckoolsmith.com
                                                   300 W. 6th St. Suite 1700
                                                   Austin, Texas  78701
                                                   Telephone:  (512) 692-8700
                                                   Facsimile:  (512) 692-8744

                                                   Garrard R. Beeney
                                                   Adam R. Brebner
                                                   SULLIVAN & CROMWELL LLP
                                                   125 Broad Street
                                                   New York, New York 10004
                                                   Telephone: (212) 558-4000
                                                   Facsimile: (212) 558-3588

                                                   Kenneth Rubenstein
                                                   Evan L. Kahn
                                                   PROSKAUER ROSE LLP
                                                   1585 Broadway
                                                   New York, New York 10036
                                                   Telephone: (212) 969-3000
                                                   Facsimile: (212) 969-2900


                                                   **ATTORNEYS FOR PLAINTIFF
                                                   MOBILEMEDIA IDEAS LLC**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on October 25, 2010, Plaintiff's counsel confirmed with counsel for Defendants that they are not opposed to the relief requested herein.

*/s/ John F. Garvish*
John F Garvish, II

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service,  Local Rule CV-5(a)(3)(A).  Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this October 1, 2010.

*/s/ John F. Garvish*
John F. Garvish, II