# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MOBILEMEDIA IDEAS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:10-cv-113 |
| | ) |
| RESEARCH IN MOTION LIMITED and | ) |
| RESEARCH IN MOTION CORPORATION, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DOCKET CONTROL ORDER**

In accordance with the case status conference held on the 16th day of February 2011, it is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| July 2, 2012 | Jury Selection - 9:00 a.m. in **Marshall, Texas** |
| June 25, 2012 | Final Pretrial Conference - 9:30 a.m. in **Marshall, Texas** |
| | The parties are ordered to **meet and confer** on their respective motions in limine and **advise the court of any agreements in this regard by 1:00 p.m. three business days before the pretrial conference**. The parties shall limit their motions in limine to those issues which, if improperly introduced into the trial of the case would be so prejudicial that the court could not alleviate the prejudice with appropriate instruction(s). |
| June 14, 2012 | Objections to Witnesses, Deposition Designations, and Exhibits contained in the Joint Final Pretrial Order and Counter-Deposition Designations due |

| | |
|---|---|
| June 1, 2012, or 120 days after claim construction order, whichever is later | Response to Dispositive Motions (including *Daubert* motions)[1]<br><br>**Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* motions, shall be due in accordance with Local Rule CV-7(e).  Motions for Summary Judgment shall comply with Local Rule CV56.** |
| May 31, 2012 | Joint Final Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict |
| May 25, 2012 | Motions in Limine due |
| May 21, 2012 | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings.**  If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lsimmons@yahoo.com. |
| May 11, 2012 | Mediation to Be Completed |
| May 17, 2012 | Parties to Identify Trial Witnesses |
| May 2, 2012 or 90 days after claim construction order, whichever is later | Deadline for filing Dispositive Motions and any other motions that may require a hearing (including *Daubert* motions) |
| April 25, 2012 or 83 days after claim construction order, whichever is later | Discovery Deadline |
| April 12, 2012 or 70 days after claim construction ruling (whichever is later) | Designate Rebuttal Expert Witnesses other than claims construction<br>Rebuttal expert witness report due<br>(Refer to Discovery Order for required information.) |
| March 15, 2012 or 42 days after claim construction ruling | Party with the burden of proof to designate Expert Witnesses other than claims construction<br>Expert witness report due |

---

[1] The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition."  Local Rule CV-7(e) provides that a party opposing a motion has **12 days, in addition to any added time permitted under Fed. R. Civ. P. 6(e)**, in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

| | |
|---|---|
| (whichever is later) | (Refer to Discovery Order for required information.) |
| March 2, 2012 or <u>30</u> days after claim construction ruling (whichever is later) | Fact discovery deadline, except as to willfulness |
| February 24, 2012 or <u>22</u> days after claim construction ruling (whichever is later) | Comply with P.R. 3-7 re: willfulness |
| January 11, 2012 | Claim construction hearing 9:00 a.m., **Marshall, Texas**. |
| December 21, 2011 | If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact. |
| December 30, 2011 | Comply with P.R. 4-5(d) |
| December 16, 2011 | Comply with P.R. 4-5(c) |
| December 1, 2011 | Comply with P.R. 4-5(b) |
| November 4, 2011 | Comply with P.R. 4-5(a) |
| October 24, 2011 | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents) |
| October 21, 2011 | Comply with P.R. 4-4 (Discovery deadline-claims construction issues) |
| September 30, 2011 | Comply with P.R. 4-3, including expert declarations |
| September 30, 2011 | Respond to Amended Pleadings |
| September 2, 2011 | Comply with P.R. 4-2 |
| September 15, 2011 | Amend Pleadings<br>**(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit. It is necessary to file a Motion for Leave to Amend after the amended pleadings date set forth herein.)** |
| August 5, 2011 | Comply with P.R. 4-1 |

- 3 -

| | |
|---|---|
| July 15, 2011 | Join Additional Parties |

                No deadline for limiting patents and claims in dispute is necessary or appropriate at this stage in the action; absent agreement, Defendants' must file a motion if they seek to limit claims asserted.

| | |
|---|---|
| June 30, 2011 | Comply with P.R. 3-4 |
| June 15, 2011 | Comply with P.R. 3-3 |
| June 16, 2011 | Computation of damages |
| April 15, 2011 | Comply with P.R. 3-1 and 3-2 |

     In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

Austin 67611v1

**OTHER LIMITATIONS**

1.  All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2.  The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

3.  The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (a)  The fact that there are motions for summary judgment or motions to dismiss pending;

    (b)  The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (c)  The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

4.  **Summary Judgment Motions.** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than either five (5) pages or one (1) page per patent, whichever is greater and shall be filed with the Court no later that sixty (60) days before the deadline for filing summary judgment motions. Answering letter briefs in each of those matters shall be no longer than either five (5) pages or one (1) page per patent whichever is longer, and filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of these matters shall be no longer than either three (3) pages or one-half (1/2) page per patent whichever is longer and filed with the Court no later than five (5) days thereafter. The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted. The letter briefs shall be filed without exhibits and any request to submit letter briefs after the deadlines outlined above must show good cause.

5.  **Motions to Strike Expert Testimony/Daubert Motions.** Prior to filing any Motions to Strike or Daubert Motions, the parties must submit a letter brief seeking permission to file each such motion. The opening letter brief in each of those matters shall be no longer than three (3) pages and shall be filed with the Court no later than sixty (60) days before the deadline for filing Motions to Strike or Daubert Motions. Answering letter briefs in each of those matters shall be no longer than three (3) pages and shall be filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of those matters

shall be no longer than two (2) pages and shall be filed with the Court no later than five (5) days thereafter.  The Court may hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.  The letter briefs shall be filed without exhibits and any request to submit letter briefs after the deadlines outlined above must show good cause.

**IT IS SO ORDERED.**

Austin 67611v1