# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **MOBILEMEDIA IDEAS LLC,** | § | |
| | § | |
|     **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | |
| | § | CIVIL ACTION NO. 2:10-CV-113 |
| **RESEARCH IN MOTION LIMITED** | § | |
| **AND RESEARCH IN MOTION** | § | |
| **CORPORATION,** | § | |
| | § | |
|     **DEFENDANTS.** | § | |
| | § | |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Rule 16 of the Federal Rules of Civil Procedure, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Disclosures**. Except as provided by paragraph 1(h), by April 30, 2011, each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

2

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action;

(g) any statement of any party to the litigation; and

(h) for any testifying expert, by the date set by the Court in the Docket Control Order, each party shall disclose to the other party or parties:

    a. the expert's name, address, and telephone number;

    b. the subject matter on which the expert will testify;

    c. if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

        (a) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, except to the extent protected by Fed. R. Civ. P. 26(b)(4), this Order or any protective order in this action; and

        (b) the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

    d. for all other experts, the disclosures required by Fed. R. Civ. P. 26(a)(2)(C).

Austin 67615v1

2. **Protective Orders**. The parties are directed to meet and confer regarding the submission of an agreed protective order within thirty (30) days of the entry of this Order. If the parties are unable to agree on the form of protective order, the parties shall submit to the Court their competing proposals along with a summary of their disagreements.

3. **Additional Disclosures**. Each party, without awaiting a discovery request, shall provide, to the extent not already provided, to every other party the following:

   (a) by the dates provided in the Docket Control Order, the disclosures required by the Patent Rules for the Eastern District of Texas;

   (b) by June 16, 2011, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

   (c) by September 30, 2011, a copy of all other documents, electronically stored information, data compilations and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action. The parties shall meet and confer within thirty (30) days of this order to identify search terms to be used with respect to the production of electronically stored information and reasonable limits on the scope of electronic searches. The parties need not notify the Court of the search terms used absent a dispute. The parties may agree to limitations on document searching and production, and to alternative forms of disclosure in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of

computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials.

4. **Discovery Limitations**.  The discovery in this cause is limited to the disclosures described in Paragraphs 1 and 3 together with:

   A. <u>Interrogatories</u>:  Plaintiff may serve up to thirty (30) interrogatories on Defendants and Defendants may serve up to thirty (30) interrogatories on Plaintiff (*i.e.*, 30 interrogatories per side).

   B. <u>Requests for Admission</u>:  The following limits will apply to requests for admission served in this case:

      i. Except as indicated below, Plaintiff may serve up to forty (40) requests for admission on Defendants and Defendants may serve up to forty (40) requests for admission on Plaintiff (*i.e.*, 40 requests for admission per side).

      ii. Requests for admission regarding the admissibility of documents:  There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents.  Requests for admission directed to document authentication shall be clearly denoted as such and shall be served separately from any requests for admission subject to the numerical limitations stated above.

   C. <u>Subpoenas</u>: The parties may serve subpoenas for third parties to produce documents. The parties will serve each other with copies of any third party subpoenas on the same day or prior to the subpoena or notice being served on the

4

5

third party. The parties will serve each other with copies of any documents produced by third parties no later than three (3) business days after the receipt of such documents, and in all events no later than five (5) days before any deposition of the third party from whom the documents were originally produced.

D. Depositions: The following limits apply to fact depositions taken in this case: Each of plaintiff and defendants (collectively) is permitted to take up to 160 hours of fact depositions of party or non-party fact witnesses (*i.e.*, 160 hours per side). The deposition of each fact witness, except for witnesses designated pursuant to Federal Rule 30(b)(6), shall be limited to a maximum of seven (7) hours on the record, which may be increased by no more than one (1) hour upon agreement of the parties. Except for Federal Rule 30(b)(6) depositions, once a deposition begins, it shall be counted against the deposing party's 160-hour limit for a minimum of 3.5 hours, even if the actual length of the deposition is less than 3.5 hours, unless the parties agree separately in writing or on the record.

Depositions on written questions of custodians of business records for third parties will not count against the foregoing limits.

E. Experts: Experts in this case shall not be subject to discovery on any draft of their reports and such draft reports, as well as notes, outlines, or any other writings leading up to an issued report are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation. Likewise, drafts, notes, or outlines of draft reports and similar materials or

writings from other cases or communications with respect to other cases are not subject to discovery in this case. No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his or her final report, trial or deposition testimony, or any opinion in this case. Materials, communications, and other information exempt from discovery under this Stipulation shall be treated as attorney work product for the purposes of this litigation.

Plaintiff is permitted up to five (5) testifying expert witnesses and Defendants are permitted up to five (5) testifying expert witnesses (i.e., 5 per side). Expert depositions are limited to a maximum of seven (7) hours each, with the understanding that the parties will negotiate in good faith regarding extending that time limit for experts serving reports on multiple issues (including with respect to multiple patents raising distinct issues).

F. <u>Limits May Be Modified.</u> Any party may move to modify these limitations for good cause.

5. **Privileged Information**. There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By October 24, 2011, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Documents created after the filing of this litigation or concerning

6

the preparation of the complaint are not required to be entered on any privilege log absent further order of the Court. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the Court of that fact by December 21, 2011.

6. **Pre-trial disclosures**. Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

   (a) The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

   (b) The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

   (c) An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the Court, these disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the Court, a party

may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (b), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (c).  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature**.  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.  The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

8. **Duty to Supplement**.  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Disputes**.

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient.  The written statement shall list, by category, the

items the party entitled to receive disclosures contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within fourteen (14) days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

(b) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses**. A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings**. Only upon request from chambers shall counsel submit to the Court courtesy copies of any filings.