**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **MOBILEMEDIA IDEAS LLC,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 2:10-CV-113-TJW-CE** |
| **RESEARCH IN MOTION LIMITED** | § | |
| **AND RESEARCH IN MOTION** | § | **JURY TRIAL DEMANDED** |
| **CORPORATION,** | § | |
| | § | |
| **DEFENDANTS.** | § | |
| | § | |

**AGREED PROTECTIVE ORDER**

WHEREAS, Plaintiff MobileMedia Ideas LLC and Defendants Research in Motion Limited and Research in Motion Corporation, hereafter referred to as the "Parties," believe that certain information that is or will be encompassed by discovery demands of the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated and agreed among the Parties and ORDERED that:

1. **Scope.** With respect to documents, information or material (whether or not embodied in any physical medium) designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–

herein and unless otherwise stated, this Order shall govern, without limitation:  (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) discovery, including but not limited to deposition testimony and responses to interrogatories or requests for admission; (c) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (d) pretrial pleadings, exhibits to pleadings and other court filings; (e) affidavits; and (f) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

2.    **This Action Only.**   Documents, information or material produced pursuant to any discovery request in this Action ("Discovery Materials"), including but not limited to DESIGNATED MATERIAL, shall not be used or disclosed for any purpose other than the prosecution, defense, appeal or settlement of this Action.  Any use of Discovery Materials or information obtained from Discovery Materials for any purpose (including business, investigative and/or enforcement purposes) other than the prosecution, defense, appeal, or settlement of this Action is expressly prohibited and would constitute a material breach of this Order.

3.    **Manner of Designation (Non-source code material).**[2]  Each Party may designate for protection under this Order, in whole or in part, any document, information or material that the Designating Party in good faith believes constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party

---

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE," both individually and collectively.

[2]    Designations for Source Code Material as defined herein shall be separately governed by the provisions set forth in paragraphs 8-10.

to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material or Information"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  For documents, the appropriate legend or stamp shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts or electronic files produced in native format) for which such protection is sought.  For deposition and hearing transcripts, the appropriate legend or stamp shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the appropriate designation(s) for some or all of that transcript.  For electronic files produced in native format, the Producing Party shall mark the medium, container, and/or communication in which the electronic files were contained without altering the native file.  For tangible things, the Producing Party shall label the thing or otherwise provide notice by means of a covering communication or the like.  In the event that any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order is marked with the designation "Confidential" or "Highly Confidential- Attorneys' Eyes Only," such document shall receive the same treatment as if so designated pursuant to this Order, unless and until such document is redesignated.

4. **<u>"CONFIDENTIAL" Information Generally.</u>**   A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material relates to non-public, sensitive or confidential

information or constitutes or contains trade secrets or other confidential research, development, commercial, or financial information of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

5.   **Use or Disclosure of CONFIDENTIAL Material.**   "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the Designating Party, order of the Court, or as set forth herein:

(a)   Outside Counsel of record in this Action for the Parties.  The term "Outside Counsel" shall mean attorneys who are not employees of any named party to this Action or any Related Entity,[3] but who are retained to represent or advise a named party to this Action or any Related Entity, including support personnel; contract attorneys; paralegals; consultants; legal secretaries; legal clerks; technical advisors; employees of outside vendors providing copy services, documents, graphics, and exhibit preparation services; and jury consultant and research services.

(b)   up to and including six (6) designated representatives of each of the Parties to the extent reasonably necessary to this Action.  The six (6) designated Party representatives may include any In-house Counsel for the Parties, and the term "In-house Counsel" shall mean attorneys who are employed by a named party in this Action.  Each designated representative of each of the Parties shall execute the Undertaking attached hereto as Exhibit A prior to any disclosure of Confidential Information to such representative, and the signed Undertaking shall be served promptly upon the Designating Party.  Within three (3) business days of service of such Undertaking, the Designating Party may object to the disclosure of its Confidential Information to a particular representative of the Receiving Party, and such objection shall be communicated in writing, stating the reason(s) for the objection.  If an objection is raised, the Parties shall promptly attempt to resolve the objection in good faith.  No disclosure shall be made until the objection is resolved by agreement of the Parties or by the Court.  If no objection is raised by the Designating Party within three (3) business days of service of the Undertaking of a Party's representative, the Receiving Party shall be allowed to disclose the Confidential Information.

---

[3]   "Related Entity" shall mean any parent, subsidiary or other legal business entity owned or controlled by a common parent.

(c)     outside consultants or experts, which shall mean any outside person (and their support personnel) who is not an employee of a Party or any of the individuals or any Related Entity, and who is identified as an expert or consultant whose opinions may be presented at trial of this case, or is retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, including, but not limited to, a proposed expert witness with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.   This term is to be construed within the meaning of Federal Rule 26(b)(4)(a)-(b).  The consultant or expert shall execute the Undertaking attached as Exhibit A hereto, which same shall be served upon the Producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days[4] before access to Protected Material is to be given to that consultant or expert.  Within that ten (10) day time period, the Producing Party may request in writing additional information regarding the outside consultant or expert that the Producing Party believes in good faith is reasonably necessary and/or raise any objection, and the Parties agree to confer within five (5) days after any objection is raised and use good faith to resolve any objection.  No disclosure shall occur until all such objections are resolved by agreement of the Parties or Court order. If no objection is raised by the Designating Party within ten (10) days of service of the Undertaking of a proposed consultant or expert, the Receiving Party shall be allowed to disclose the Confidential Information.

(d)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by Outside Counsel and reasonably necessary to assist Outside Counsel with this Action.

(e)     court staff, which shall mean the Court and its personnel, court reporters, independent shorthand reporters, and their staffs, and videographers, interpreters, or translators engaged for depositions or proceedings necessary to this case.

6.      **"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information Generally.**  To the extent a Producing Party in good faith believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation than that required for Confidential Information, the Producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."

---

[4]      Unless business days are specified, any reference to days in this Order shall mean calendar days.

7. **Use or Disclosure of Highly Confidential Material.**  For Protected Material designated HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited as follows:

(a)     Outside Counsel, as defined above.

(b)     Outside consultants or experts, as defined above and subject to the same restrictions set forth in paragraph 5(c).

(c)     One (1) In-house Counsel, as defined above, if the Receiving Party requests the other Party's consent to disclose specific HIGHLY CONFIDENTIAL information to such In-house Counsel and consent is given, provided that, at least three (3) business days prior to disclosure of the specific information designated as HIGHLY CONFIDENTIAL, such In-house Counsel shall execute the Undertaking attached hereto as Exhibit A, which shall promptly be served on the Designating Party.

(d)     Independent litigation support services, as described above; and

(e)     Court staff, as defined above.

8. **Source Code.**  The Parties anticipate that Source Code that the Producing Party in good faith believes contains highly confidential or trade secret information will be disclosed in this Action.  In the event that such Source Code is produced in this Action, it shall be designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE."  Access to such Source Code will be given only to:  (a) court staff; (b) Outside Counsel and (c) up to ten (10) outside consultants or experts approved to access such Protected Materials pursuant to paragraph 5(c).  A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript or other Court document, provided that any such documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders, including this Order.  To the extent that

portions of Source Code Material are quoted in a document, either (a) the document will be stamped and treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE or (b) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE.

9.   **<u>Attendance at Source Code Inspection.</u>**   Prior to any inspection of the Producing Party's Source Code Material, the Receiving Party shall give at least eight (8) days notice to the Producing Party, providing the names of all individuals to be present at the inspection.   If any outside consultant or expert plans to attend an inspection, the information set forth in paragraph 5(c) above shall be provided at least eight (8) days before the inspection, unless such information has already been provided to the Producing Party.   No such individual shall attend a Source Code inspection until after the expiration of the foregoing eight (8) day notice period.   If, during the eight (8) day notice period, the Producing Party serves, in writing, a good faith objection to the attendance of any such individual at a Source Code inspection, which shall set forth the bases for the Producing Party's objection, that individual shall not attend any Source Code inspection until the objection is resolved.   Consent to such attendance shall not be unreasonably withheld.   The Parties shall meet and confer to resolve any such dispute within five (5) days of service of such an objection.   If the Parties are unable to resolve their dispute within five (5) days of having met and conferred, the Producing Party may apply to the Court for relief within a reasonable time which shall not exceed fifteen (15) days from the Parties' last attempt to resolve the issue, unless otherwise agreed to by the Parties. The Producing Party shall bear the burden of establishing that any request to bar a

particular individual(s) from an inspection of its Source Code is in good faith and that good cause exists for excluding such individual(s).  The eight (8) day notice period in this paragraph shall only apply the first time such individuals attend any Source Code inspection; thereafter, those same individuals may attend a Source Code inspection upon four (4) days notice to the Producing Party, unless an objection is raised by the Producing Party within the eight (8) day notice period.

10.    **Source Code Inspection**.  In the event that Source Code is produced in this Action, the following additional restrictions shall apply:

(a)    The Producing Party shall make its Source Code available electronically and in the form as kept in the ordinary course of business or other format suitable for review.

(b)    Unless otherwise agreed to in writing between the Parties, the Receiving Party may only review a Producing Party's Source Code on a "stand-alone" Source Code Review computer (*i.e.*, individual computers or multiple computers that may be networked together by a private wired network but are not connected to any other network, Internet, or peripheral device, except that a Source Code Review computer may be connected to a printer).   Source Code Review computers will be configured to prevent additional peripheral devices (*e.g.*, USB thumb drives) from being connected to it.  The Parties agree that the Source Code Review computer(s) will be located at the offices of the Producing Party's Outside Counsel, unless some other mutually convenient location is agreed to by the Parties in writing at least five (5) days prior to any proposed Source Code inspection.

(c)    The Receiving Party shall make reasonable efforts to restrict its requests for access to Source Code Review computer(s) to regular business hours, which for purposes of this paragraph shall be weekdays from 8:30 a.m. through 5:30 p.m. EST, excluding Legal Holidays as defined in Federal Rule 6(a)(6), unless otherwise agreed to by the Parties.   The Parties also acknowledge that inspection(s) of Source Code Material may span multiple days, and the Parties will cooperate in good faith in scheduling such inspection(s).  The Parties further agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its Outside Counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(d)    The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in

order to access the produced Source Code Material on the stand-alone computer(s).

(e)     The Producing Party will produce Source Code Material in computer-searchable format on the stand-alone computer(s) as described above. The Receiving Party, at its own expense, may request that the Producing Party install software on a Source Code Review computer to perform searches of the Producing Party's Source Code. Timely requests for the installation of such search software will not be unreasonably denied so long as the requested search software is compatible with the operating system, and other software necessary to make the Source Code available for inspection, installed on a Source Code Review computer, does not prevent or impede the Receiving Party's access to the Source Code produced for inspection on a Source Code Review computer and does not circumvent any of the security features enabled on a Source Code Review computer (*e.g.* enable connection and use of a USB thumb drive).

(f)     No portions of Source Code Material shall be downloaded, nor any electronic copies created, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be provided, filed or served electronically. In the event that the Receiving Party in good faith believes that transport of Source Code Material for Court proceeding(s) or deposition(s) is necessary, the Receiving Party shall so notify the Producing Party, and such transport may be effected: (i) by hand carry in hard copy paper form only, and shall be done at the direction of a person authorized under paragraph 8 above to another person authorized under paragraph 8 above to have access to Source Code Material or (ii) the Producing Party shall make whatever Source Code Material it has produced to date available in electronic form at any Court proceeding(s) or deposition(s) upon receiving a written request from the Receiving Party at least five (5) business days prior to any such Court proceeding(s) or deposition(s). Source Code Material is at all times subject to the transport restrictions set forth herein.

(g)     The Producing Party shall make available a laserjet printer for on-site printing during inspection of its Source Code. No paper print-outs shall be made of Source Code Material except for: (i) portions reasonably anticipated by the Receiving Party to be necessary for use in, and preparation for, court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - COMPUTER CODE SOURCE CODE" information of the Producing Party; and (ii) such other uses to which the Parties may agree or that the Court may order. The Receiving Party shall be permitted to print no more than the lesser of 15% or 350 pages of the total source code for any software release and no more than 100 consecutive pages of any one source code file, provided that any reasonable extensions of those page limits will be considered promptly by the Producing Party in good faith.

(h)   Each page of any printed copies of Source Code Material shall be printed on yellow (or other non-white) colored paper.  After printing, the Producing Party shall clearly label each page of any printed copies "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - COMPUTER SOURCE CODE" and give each page a unique identification number.  The Receiving Party shall maintain a log of all such files that are printed or photocopied.  The log will include the original name and location (*i.e.*, directory path) of each printed Source Code file, and this log shall be provided to the Producing Party at the conclusion of each day's inspection.  The Producing Party shall make a good faith effort to provide (via overnight delivery with signature required or hand delivery with signature required) a copy of the labeled and numbered copies on yellow (or non-white) colored paper to Outside Counsel of the Receiving Party within three (3) business days unless the Producing Party raises an objection.  The Producing Party may object to any portion of any printed Source Code files as not relevant to any claim or defense in this litigation.  If the Producing Party raises an objection on the grounds of relevance, the Parties shall meet and confer to resolve any such dispute within five (5) business days of the source code inspection when the Source Code at issue was printed.  If the Parties are unable to resolve their dispute within five (5) days of having met and conferred, the Receiving Party may apply to the Court for relief at any time.

(i)   Outside Counsel or Outside Experts or Consultants of a Receiving Party may take notes during any Source Code inspection but may not copy portions of the Source Code into such notes.  Any such notes must be marked on each page with "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - COMPUTER SOURCE CODE."  In addition, Outside Counsel or Outside Experts or Consultants of a Receiving Party may not bring into the room housing a Source Code Review computer any analogue or electronic recording devices, including, but not limited to, laptops or other portable computers, audio, image or video recorders or wireless devices with data transmission capabilities, unless agreed otherwise by the Parties in writing.  Outside Counsel or Outside Experts or Consultants of a Receiving Party may not leave work product or other materials to which the Receiving Party claims privilege or protection from discovery in the room used to inspect the Producing Party's Source Code or on a Producing Party's Source Code Review computer, but if work product or privileged materials are inadvertently left in the room used to inspect Source Code Material, that shall not result in a waiver of any work product protection and/or applicable privilege.

(j)   The Receiving Party may make one (1) copy of the printed Source Code pages on yellow (or non-white) colored paper after delivery.  All paper copies shall be securely destroyed if they are no longer necessary in this Action (*e.g.*, extra copies at the conclusion of a deposition).  Source Code Material obtained by the Receiving Party may be reviewed at the offices of Outside Counsel for the Receiving Party only and may not be removed from Outside Counsel's offices, except as provided for in paragraph 10(f).  Printed copies of Source Code Material

shall be securely maintained in locked rooms or cabinets at any of the offices of Outside Counsel of the Receiving Party only.

(k)   Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; instead, the deposition record will identify any Source Code Material marked as an exhibit only by its production numbers.

11.   **Objections to Disclosure.**   To the extent that any objection is raised to disclosure of or access to Confidential Information or Highly Confidential Information, the Parties shall endeavor in good faith to resolve the issue.   If the Parties are unable to do so, the objecting Party may file a motion with the Court within a reasonable time, but no more than thirty (30) days after service of the Undertaking giving rise to the objection, unless the Parties agree otherwise.   With respect to disclosure of Source Code Material, the time to seek relief from the Court is set forth in paragraph 9 above.   If relief is sought from the Court, the objecting Party shall bear the burden of proving the need for a protective order.

12.   **Limitations of this Order.**   The restrictions set forth in any of the preceding paragraphs shall not apply to the following:

(a)   Any documents or other information that becomes public knowledge by means not in violation of the provisions of this Order.

(b)   Any information that the Party properly possessed prior to receipt of any Protected Information in this Action, or that is discovered or developed independently by the Receiving Party.

(c)   Nothing in this Order shall prohibit Outside Counsel for a Party from disclosing Protected Information to any person whom the Discovery Material containing the Protected Information clearly identifies as an author, addressee, or carbon copy recipient of such Discovery Material.   In addition, regardless of its designation, if Discovery Material makes reference to the actual or alleged conduct or statement of a person, Outside Counsel may discuss such conduct or statements with such person, provided that such discussions do not disclose or reveal any other Protected Information.

(d)   The restrictions on the use of Discovery Material established by the Order are applicable only to Discovery Material received by a Party from another Party or from a Third Party as a direct result of this Action.   Any Party is free to use its

11

own Discovery Material for any purpose, and no use by the Producing Party shall result in or otherwise act as a waiver with respect to the confidential status of that information.

(e)     Nothing in this Order shall be construed to preclude or impede Outside Counsel's ability to communicate with or advise their clients with respect to this Action based in whole or in part upon Outside Counsel's review of Designated Material produced by the opposing Party, provided that such communications or advice shall not disclose or reveal the substance of any Designated Material itself except as provided for herein.

13.     **Inadvertent Disclosure of Privileged and/or Work Product Material.**  Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.   Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes is protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity shall write to Outside Counsel for the Receiving Party or Parties requesting that the materials be returned and/or destroyed.  Any Party receiving such a letter shall return the original and all copies of the alleged privileged material or certify their destruction within 48 hours, even if the Party disputes the underlying privilege.  A Party's return or destruction of allegedly privileged Discovery Materials is without prejudice to its right to seek a judicial determination of the merits of that privilege claim.

14.     **Inadvertent Production Without Designation.**  The Parties will endeavor in good faith to make the appropriate confidentiality designation at the time such material is produced,

but designation of Protected Material (*i.e.*, "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE") may be made at any time. Inadvertent or unintentional production of Protected Material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. Upon request of the Producing Party, the recipient(s) shall destroy all copies of the inadvertently undesignated Protected Materials and any documents, information or material derived from or based thereon.

15. **<u>Change of Designation.</u>** A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the Designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the Requesting Party may apply to the Court for relief. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the Designating Party shall be maintained.

16. **No Presumption of Protected Status.**  Nothing in this Order creates a presumption or implies that Discovery Material designated as Protected Information under this Order is in fact Protected Information.  The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

17. **Use of Designated Material at Depositions.**   Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing, provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is:  (a) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party; (b) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (c) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (d) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (e) counsel for a Party, including Outside Counsel and In-house Counsel (subject to paragraphs 5(b) and 7(c) of this Order); (f) an independent contractor, consultant, and/or expert retained for the purpose of this Action (subject to paragraphs 5(c) and 7(b) of this Order); (g) court reporters and videographers;

(h) the Court; or (i) other persons entitled hereunder to access DESIGNATED MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

18.  **Deposition Transcripts.**  Parties may, at the deposition or hearing or within thirty (30) days after receipt of an official deposition or hearing transcript (*i.e.*, not a rough draft), designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–ATTORNEY' EYES ONLY," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until the expiration of thirty (30) days after receipt of the official transcript of such testimony by the Producing Party, all testimony will be treated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  In the event that expedited disclosure may be required by a Party(-ies) due to an impending deadline regarding preparation of any filing or submission that requires consideration of the Protected Information in question, the concerned Parties shall negotiate in good faith for a shortened expiration period, and, if they cannot reach agreement regarding a shortened expiration period, then the concerned Parties agree to submit the matter to the Court for its determination of the appropriate expiration period. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

19.  **Attendees at Depositions.**  No one may attend or review the transcripts or the portions of any depositions or court proceedings at which Protected Information is shown or

discussed other than those individuals qualified to see such Protected Information as set forth in this Order.

20.   **Third Parties.**   To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend that the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.   **Third-Party Designations.**   To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.   Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Order.

22.   **Use of Protected Information in Court.**   Before disclosing Protected Information in an open courtroom at trial or other court hearings in this case, a party must provide notice to the Producing Party so that the Producing Party has a reasonable opportunity to take appropriate action to prevent or limit disclosure of the Protected Information in the open courtroom.   The Producing Party bears the burden of showing that the Court should prevent or limit disclosure of the Protected Information in the open courtroom; otherwise, the Protected Information may be used in an open courtroom at trial or other court

hearings in this Action without regard to the other provisions in this Order. The Parties agree that the use of Protected Information at trial or other court hearings in this case shall not constitute a waiver of or operate in prejudice to any claim of confidentiality in the Protected Information.

23. **Filing Under Seal.** Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on Designated Material, such portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

24. **Admissibility at Trial.** This Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

25. **Experts.** Absent further order of the Court, testifying experts' draft reports, notes and outlines of draft reports shall not be subject to discovery in this Action, nor shall any such drafts, notes or outlines of reports that a testifying expert prepared in other cases be subject to discovery in this Action. Discovery of materials provided to testifying experts is limited to those materials, facts, consulting expert opinions, and other matters actually

relied upon by the testifying expert in formulating a final report, trial or deposition testimony or any opinion in this Action.  No discovery shall be taken from or about any consulting expert except to the extent that consulting expert has provided information, opinions or other materials that a testifying expert relied upon in formulating his or her final report, trial or deposition testimony, or any other opinion in this Action.  No conversations or communications between Counsel (Outside and In-house) and any testifying or consulting expert shall be subject to discovery in this Action unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in final reports, trial or deposition testimony in this Action.  Materials, communications (including e-mail), and other information exempt from discovery under this paragraph shall be treated as attorney work product for purposes of this Action.

26.    **Logging Post-Litigation Materials.**  No communications and/or attorney work product exchanged between each Party and its Outside Counsel after and including March 31, 2010 need be identified on a privilege log.

27.    **Duty to Return or Destroy.**  Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the Producing Party's election either be returned to the Producing Party or be destroyed, except that Outside Counsel may retain court papers (including exhibits), correspondence and attorney and consultant work product, written discovery requests and responses, expert reports and exhibits, and trial transcripts and exhibits introduced into evidence at trial for

archival purposes.  The Receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request.

28.    **Duty to Report.**  Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and, having raised the question of violation or potential violation with the opposing Party, has been unable to resolve the matter by agreement, may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

29.    **Undertaking.**  Any individual who executes the Undertaking attached hereto as Exhibit A shall be advised by counsel of the terms of this Order and shall be informed that he or she is subject to the terms and conditions of this Order.  By signing the attached Undertaking, such individual acknowledges that he or she has received a copy of, has read, and has agreed to be bound by this Order.

30.    **No Waiver.**  Production of DESIGNATED MATERIAL by the Parties or any Third Party shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim may be made as to the proprietary and confidential nature of the documents, information or other material or its contents.  Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of the Parties or any Third Party to assert any applicable discovery or trial privilege.

31.    **Disclosure Pursuant to Subpoena.**  If any entity subpoenas or orders production of Protected Information from a Receiving Party that a Receiving Party has obtained subject

to this Order, such Receiving Party shall promptly notify the Producing Party of the subpoena or order and shall not produce the information until the Producing Party has had prior notice, which shall be not less than ten (10) business days, to object or take other appropriate steps to protect the information.  If a Producing Party does not take steps to prevent disclosure of such documents within the notice period given, the Party to whom the referenced subpoena is directed may produce such documents in response. Nothing in this Order should be construed as authorizing a Receiving Party in this Action to disobey a lawful directive in another proceeding.

32. **Modification.** Each of the Parties shall retain the right to file a motion with the Court to: (a) modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action or (b) apply for additional protection of DESIGNATED MATERIAL.  The Court may enter a subsequent order addressing the use of Protected Information at trial or at the conclusion of this Action.

33. **Jurisdiction.**  This Protective Order shall be binding upon the Parties, and their respective attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control. The United States District Court for the Eastern District of Texas, Marshall Division, or any Court to which this Action is transferred, is responsible for the interpretation and enforcement of this Order.  All disputes concerning documents or information covered under this Order (however designated) and produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Texas,

20

Marshall Division, or any Court to which this Action is transferred.  After the conclusion of the above-captioned case, the provisions of this Order shall continue to be binding until further order of this Court, or any Court to which this Action is transferred, which shall retain jurisdiction over the Parties and any other person who has had access to Protected Information pursuant to this Order, in order to enforce the provisions of this Order.

34.   **Interpretation.**  Should the Parties have any issues concerning the interpretation of this Order, before any Party moves for this Court's assistance, they shall first promptly meet and confer to resolve the dispute.  The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

35.   **Duty to Safeguard.**  There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **MOBILEMEDIA IDEAS LLC,** | § |
| | § |
| **PLAINTIFF,** | § |
| | § |
| **v.** | § |
| | §   **Civil Action No. 2:10-CV-113-TJW-CE** |
| **RESEARCH IN MOTION LIMITED** | § |
| **AND RESEARCH IN MOTION** | § |
| **CORPORATION,** | § |
| | § |
| **DEFENDANTS.** | § |

**APPENDIX A**
**UNDERTAKING REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1. My address is_____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this Action.  I have carefully read and understand the provisions of the Protective Order.

3. I attest to my understanding that access to certain types of documents or information in this Action may be provided to me and that such access shall be pursuant to the terms, conditions and restrictions of this Protective Order.  I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of this Action, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature _____

Date _____