UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MOBILEMEDIA IDEAS LLC, | § |
| | § |
| vs. | § |
| | §   CASE NO. 2:10-CV-113-TJW-CE |
| RESEARCH IN MOTION LIMITED | § |
| and | § |
| RESEARCH IN MOTION CORP. | § |

## ORDER

**I.     Introduction**

Pending before the court is defendants Research In Motion Limited and Research In Motion Corporation's (collectively, "RIM" or "Defendants") motion to transfer venue (Dkt. No. 66). RIM contends that the Northern District of Texas is a more convenient forum than the Eastern District of Texas and seeks to transfer venue pursuant to 28 U.S.C. § 1404(a). The court, having considered the venue motion and the arguments of counsel, GRANTS RIM's motion to transfer venue because the balance of the "private" and "public" *forum non conveniens* factors demonstrates that the transferee venue is "clearly more convenient" than the venue chosen by plaintiff Mobilemedia Ideas LLC ("MMI" or "Plaintiff"). *See In re Nintendo Co.*, 589 F.3d 1194, 1197-98 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

**II.    Factual and Procedural Background**

Plaintiff filed its complaint on March 31, 2010, alleging that Defendants infringed numerous patents owned by Plaintiff. Plaintiff acquired all of the patents-in-suit from either Nokia Corp. ("Nokia") or Sony Corp. ("Sony"). Plaintiff is a Delaware corporation and has a

registered headquarters in Maryland. Defendant Research in Motion Corporation ("RIM Corp.") is a Delaware corporation headquartered in Irving, Texas, in the Northern District of Texas, and the co-defendant Research in Motion Ltd. ("RIM Ltd.") is a Canadian corporation headquartered in Waterloo, Ontario.

Defendants filed this motion to transfer venue on January 12, 2011,[1] arguing that the Northern District of Texas was a clearly more convenient forum in which to litigate this case than the Eastern District of Texas.

### III.   Legal Standards

Change of venue is governed by 28 U.S.C § 1404(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). But a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

The threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. *Id.* In making the convenience determination, the Fifth Circuit considers several "private" and "public" interest factors, none of which are given dispositive weight. *Id.* The "private" interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory

---

[1] The court uses the date on which Defendants' corrected motion to transfer venue was filed.

process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315. The "public" interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

IV. **Analysis**

    A. **Proper Venue**

As a threshold matter, the court must determine if venue is proper in the Northern District of Texas. The parties do not dispute that this suit could have originally be brought in the Northern District of Texas, and thus, the court finds that venue is proper in the proposed transferee forum.

    B. **Private Interest Factors**

        i. *Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first "private" interest factor to consider. Despite technological advances in transportation of electronic documents, physical accessibility to sources of proof continues to be an important private interest factor. *See Volkswagen II*, 545 F.3d at 316; *TS Tech*, 551 F.3d at 1321. Indeed, the Federal Circuit counsels that an alleged infringer's proof is particularly important to venue transfer analyses in patent infringement cases. *See Genentech*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of

the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.").

Defendants argue that ease of access to the sources of proof in this case would be greater if the case were transferred to the Northern District of Texas because RIM Corp. is headquartered in Irving, Texas, which is within the Northern District of Texas. According to Defendants, the majority of documents relevant to the structure, function, operation, licensing, manufacture, and sale of the accused products are either located at or available electronically at RIM's Irving office. Defendants also argue that samples of the accused devices are located at RIM's Irving office. These sources of proof would have to be transported an extra 150 miles[2] if this case is maintained in the Eastern District of Texas. Furthermore, Defendants note that they have a facility for the configuration, packaging, and shipping of the accused products located in Farmers Branch, Texas, which is also within the Northern District. Physical evidence located at RIM's Farmers Branch facility would have to be transported an extra 147 miles if this case is maintained in the Eastern District of Texas. In contrast, Defendants contend that no documents relevant to this litigation are located in the Eastern District of Texas and Plaintiff does not rebut this contention.

The court agrees with Defendants that RIM's Irving and Farmers Branch facilities, both within the Northern District of Texas, are likely to house many documents that are relevant to the issues in this case. Thus, considering that Plaintiff has failed to identify any relevant documents that are located in the Eastern District of Texas, the court concludes that this factor weighs in favor of transfer.

---

[2] The court uses Dallas, Texas as its reference point for calculating mileage between a particular location and the Northern District of Texas.

      *ii.*     *Availability of Compulsory Process*

The next "private" interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. A venue that has "absolute subpoena power for both deposition and trial" is favored over one that does not. *Volkswagen II*, 545 F.3d at 316. Rule 45 of the Federal Rules of Civil Procedure limits the court's subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Id.*

Defendants argue that, because non-party Nokia is headquartered in Irving, the District Court for the Northern District of Texas will have absolute subpoena power over any relevant witnesses employed at Nokia's Irving office. Defendants, however, fail to specifically identify any of these witnesses and explain why their testimony might be relevant to the issues to be litigated in this case.

Although Nokia was the original assignee of five of the patents-in-suit and has its United States headquarters in Irving, Texas, Defendants do not allege that patents-in-suit have any connection with Nokia's Irving headquarters. They do not allege that any of the inventors of the twelve patents reside in the Northern District of Texas or that they work at Nokia's Irving facility. They do not allege that the technology of the patents-in-suit was developed at Nokia's Irving facility – in fact, they admit that the technology was developed in Finland, Japan, and New Jersey. As such, considering that Defendants have failed to identify a single potentially relevant non-party witness over which the Northern District of Texas would have absolute subpoena power, the court concludes that this factor is neutral. *See Emanuel v. SPX Corp./OTC Tools Div.*, Civil Action No. 6:09cv220, 2009 WL 3063322, at \*6 (E.D. Tex. Sept. 21, 2009) (holding that, because the "identity of non-party witnesses is not readily apparent and their potential locations is speculative," neither party had sufficiently shown that either district would

enjoy absolute subpoena power).

### iii. Cost of Attendance for Willing Witnesses

Next, the court must weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the Northern District of Texas. "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 556 F.3d at 1342. The Fifth Circuit has explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Volkswagen I*, 371 F.3d at 205. Although the court must consider the convenience of both the party and non-party witnesses, "it is the convenience of non-party witnesses…that is the more important factor and is accorded greater weight in a transfer of venue analysis." *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 775 (E.D. Tex. 2000); *see also id.* at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 765-66 (E.D. Tex. 2009).

According to Defendants, RIM's Irving facility is the only RIM entity distributing the accused products in the United States. Furthermore, RIM's Irving facility is home to most of RIM's licensing and standards employees, as well as many of its engineering, sales, and marketing employees. As such, RIM employees who have knowledge regarding RIM's overall business, product development policies, and licensing practices, some of whom will likely be deposition and trial witnesses, are located in and around Irving, Texas. RIM therefore argues that it would be significantly more convenient for these employees to participate in this litigation if the court were to transfer the case to the Northern District of Texas. Defendants also argue

that the Northern District of Texas is a more convenient forum for its trial witnesses based in Ontario, Canada.  According to RIM, if this case were transferred to the Northern District of Texas, RIM witnesses based in Canada would save considerable travel time, and could also temporarily work in RIM's Irving office while called away from their home office to support this litigation.

In response, Plaintiff argues that, although RIM's Irving facility is located in the Northern District of Texas, many of its employees actually reside in the Eastern District of Texas.  In fact, Plaintiff argues that Mr. Bugnariu, which is one of the nine witnesses that Defendants have identified as "most knowledgeable" regarding several matters at issue in this case, lives in the Eastern District of Texas.

On balance, this factor weighs in favor of transfer.  Of the twelve witnesses RIM has identified as potential trial witnesses, eight are employees of RIM's Irving office.  The fact that some these witnesses actually reside within the Eastern District of Texas does not necessarily mean that the Marshall Division of the Eastern District of Texas is the most convenient forum for them to participate in this litigation.  For example, Mr. Bugnariu lives in Carrolton, Texas, and although Carrolton in technically in the Eastern District of Texas, Mr. Bugnariu would have to travel an additional 146 miles to attend trial in this court as opposed to the Northern District of Texas.  As such, considering that Plaintiff has not identified any party or non-party witnesses that would experience a greater convenience if this case were maintained in the Eastern District of Texas, the court concludes that this factor weighs in favor of transfer.

         iv.     *Other Practical Problems*

Practical problems include issues of judicial economy.  *Volkswagen III*, 566 F.3d at 1351.  Plaintiff contends that judicial economy weighs against transfer because this case has issues that

overlap with issues in a related case also filed in this district, *MobileMedia Ideas LLC v. HTC Corporation*, 2:10-cv-00112 (E.D. Tex.) ("HTC"). The HTC case is also before this court and involves four of the same patents at issue in the present action. Accordingly, Plaintiff argues that this court will be able to make consistent decisions concerning claim construction and other matters.

The Federal Circuit recently held that "judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *In re Vistaprint Ltd.,* 628 F.3d 1342, 1347, n.3 (Fed. Cir. 2010). In *Vistraprint*, the court explained that the district court had become familiar with the only asserted patent and the related technology during a prior litigation. *Id.* at 1346. That, when considered along with the fact that there was co-pending litigation before the trial court involving the same patent and underlying technology, convinced the Federal Circuit that the district court had "a substantial justification for maintaining suit in the Eastern District of Texas." *Id.* The court, however, emphasized that:

> although some potential witnesses and sources of proof located in the transferee venue warrant weighing convenience factors in favor of transfer, no defendant party is actually located in the transferee venue and the presence of the witnesses in that location is not overwhelming. Each case turns on its facts,…and the [district] court's thorough analysis here suggests that this case was decided based on an "individualized, case-by-case consideration" of the relevant factors, balancing convenience and efficiency…. We thus cannot say that the trial court's balancing was so unreasonable as to warrant the extraordinary relief of mandamus.

*Id.* at 1346-47.

Here, although there is co-pending litigation concerning some of the patents-in-suit before this court, both cases are in their infancy. The court has not began the claim construction process in either case and therefore cannot claim to have become familiar with any of the patents-in-suit. *See In re Verizon*, 635 F.3d 559 (Fed. Cir. 2011). As such, the court concludes

that this factor is neutral.

### B. Public Interest Factors

#### i. Court Congestion

In its § 1404(a) analysis, the court may consider how quickly a case will come to trial and be resolved. *Genentech*, 566 F.3d at 1347. This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors." *Id.* Defendants contends that transfer of the case to the Northern District of Texas would decrease the time to trial, and Plaintiff does not dispute this. In all, however, given the speculative nature of this factor, the court finds it to be neutral.

#### ii. Local Interest

The court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

Defendants argue that residents of the Northern District of Texas have a greater interest in resolving this litigation because it involves the local activities of a company that is a major employer in the Northern District of Texas's technology industry – i.e., RIM Corp. In contrast, Defendants argue that none of the inventors of the patents-in-suit have ever resided in the Eastern District of Texas, and none of the accused products were developed in the Eastern District of Texas or has any special relationship to the Eastern District. Furthermore, Defendants

note that not even the Plaintiff has a connection to the Eastern District of Texas. In response, Plaintiff argues that approximately one-third of RIM's Irving employees reside in the Eastern District of Texas and, therefore, this court and the people of the Eastern District of Texas have a significant local interest in having this case litigated in this court.

Although the Northern District of Texas has a particularized interest in this case, the Eastern District of Texas also has some interest in this case. As Plaintiff notes, approximately one-third of RIM's Texas-based employees reside in the Eastern District of Texas and at least one of RIM's most knowledgeable employees resides within the Eastern District. However, in balancing the two district's interest in this litigation, the court concludes that the Northern District of Texas's interest is more direct and concrete. As such, this factor weighs in favor of transfer.

### iii. Familiarity with the Governing Law

One of the "public" interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. Both the Northern District of Texas and the Eastern District of Texas are familiar with patent law, and thus this factor is neutral. *See In re TS Tech*, 551 F.3d at 1320-21.

### iv. Avoidance of Conflict of Laws

No conflict of laws issues are expected in this case, so this factor does not apply.

## V. Conclusion

Considering all of the "private" and "public" interest factors, Defendants have shown that the Northern District of Texas is "clearly more convenient" than the Eastern District of Texas. Three of the § 1404(a) factors weigh in favor of transfer, and the rest are either neutral or do not apply. None of the factors weigh against transfer. As such, Defendants' motion to transfer

venue is GRANTED.

SIGNED this 30th day of August, 2011.


_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE