U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 1 7 2009

CLERK, U.S. DISTRICT COURT
By _Tammy Shirley_
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

## AMENDED MISCELLANEOUS ORDER NO. 62[1]

The Dallas division of the Northern District of Texas is participating in a pilot project for the efficient and effective management of patent cases.[2] Unless otherwise directed by the presiding judge in an individual case, this Order will control the management of patent cases as defined below in paragraph 1-2.

## 1. SCOPE.

### 1-1. Title.

This Order should be cited as "Miscellaneous Order No. 62," followed by the applicable paragraph number.

### 1-2. Scope and Construction.

This Order applies to all civil actions filed in or transferred to the Dallas division of the Northern District of Texas that allege infringement of a utility patent in a complaint, counterclaim, cross-claim, or third party claim or seek a declaratory judgment that a utility patent is not infringed, is invalid, or is unenforceable. The presiding judge may accelerate, extend, eliminate, or modify the obligations or deadlines established in this Order based on the circumstances of any particular patent case, including, without limitation, the complexity of the case or the number of patents, claims, products, or parties involved. If any motion filed prior to the claim construction hearing provided for in paragraph 4-6 raises claim construction issues, the presiding judge may, for good cause shown,

---

[1] Amended Miscellaneous Order No. *62* takes effect on December 1, 2009, notwithstanding the references to May 1, 2007 (the effective date of the order when originally adopted). The amended order contains changes that bring the original order into conformity with the time-computation amendments to the Federal Rules of Civil Procedure and the local civil rules of this court that also take effect on December 1, 2009.

[2] The rules of practice established by this Order will be carefully reviewed for editorial and substantive revisions and will be renumbered in accordance with Judicial Conference policy if later considered for adoption as local civil rules of this court.

defer the motion until after completion of the disclosures, filings, or ruling following the claim construction hearing. The local civil rules of this court apply to these actions except to the extent they are inconsistent with this Order.

**1-3. Effective Date.**

This Order will take effect on May 1, 2007, and will apply to any Dallas division patent case filed on or after that date. It will also apply to any pending Dallas division patent case in which, on the date this Order takes effect, more than 9 days remain before the initial disclosure of asserted claims and preliminary infringement contentions required by paragraph 3-1 is due.

The parties to any other pending Dallas division patent case must meet and confer promptly after May 1, 2007, to determine whether any provision in this Order should be made applicable to that case. No later than 7 days after the parties meet and confer, the parties must file a stipulation setting forth a proposed order that relates to the application of this Order. Unless and until the presiding judge enters an order applying this Order, the rules of practice previously applicable to these other pending Dallas division patent cases will govern.

## 2. GENERAL PROVISIONS

**2-1. Governing Procedure.**

**(a) Initial Case Management Conference.** Parties conferring with each other under Fed. R. Civ. P. 26(f) may attend the initial case management conference either in person or by telephone. In the case management statement filed under Fed. R. Civ. P. 26(f), the parties must address the matters required to be covered by Fed. R. Civ. P. 26, and the following additional matters:

>    **(1)** Proposed modification of the deadlines provided for in this Order, and the effect of any such modification on the date and time of the claim construction hearing, if any;

>    **(2)** Electronic discovery plan;

>    **(3)** The need for presenting technical tutorials to the presiding judge and the mode for presenting same;

>    **(4)** Deviations fiom and additions to the protective order (see Appendix **A);**

**(5)** Whether either party desires the presiding judge to hear live testimony at the claim construction hearing;

**(6)** The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;

**(7)** The order of presentation at the claim construction hearing;

**(8)** The scheduling of a claim construction prehearing conference between attorneys to be held after the filing of the joint claim construction and prehearing statement required by paragraph 4-3;

**(9)** Whether the presiding judge should authorize the filing under seal of any documents containing confidential information; and

**(10)** The need for any deviation fiom the ordinary practice of early and late mediations, as well as the potential dates for early and late mediations,

**(b) Further Case Management Conferences.** To the extent that some or all of the matters provided for in paragraph 2-1(a)(1)-(10) are not discussed by the parties at the initial case management conference, the parties must propose dates for further case management conferences so that all matters required to be discussed are addressed in the case management statement.

## 2-2. Confidentiality.

All documents or information produced under this Order will be governed by the terms and conditions of the protective order (see Appendix **A**). The protective order will be deemed automatically entered upon the filing or transfer of any civil action to which this **Order** applies, unless the protective order is modified by agreement of the parties or by order of the presiding judge.

## 2-3. Certification of Initial Disclosures.

Each statement, disclosure, or chart filed or served in accordance with this Order must be dated and signed by the attorney of record. An attorney's signature constitutes a certification that to the best of the attorney's knowledge, information, and belief, formed after an inquiry that is reasonable under the circumstances, the information contained in the statement, disclosure, or chart is complete and correct at the time it is made.

**2-4. Admissibility of Disclosures.**

Statements, disclosures, or charts governed by this Order are admissible to the extent permitted by the Federal Rules of Evidence or Civil Procedure. However, the statements or disclosures provided for in paragraph 4-1 and 4-2 are not admissible for any purpose other than in connection with motions seeking an extension or modification of the time periods within which actions contemplated by this Order must be taken.

**2-5. Relationship to Federal Rules of Civil Procedure.**

**(a)** Unless the presiding judge otherwise directs, the scope of discovery is not limited to the preliminary infringement contentions or preliminary invalidity contentions but is governed by the Federal Rules of Civil Procedure. Except as provided in this paragraph or as otherwise directed by the presiding judge, it will not be a legitimate ground for objecting to an opposing party's discovery request (e.g., interrogatory, document request, request for admission, deposition question) or declining to provide information otherwise required to be disclosed under Fed. R. Civ. P. 26(a)(1) that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, this Order. A party may object to the following categories of discovery requests (or may decline to provide information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) on the ground that they are premature in light of the timetable provided in this Order:

**(1)** Requests seeking to elicit a party's claim construction position;

**(2)** Requests seeking to elicit fiom the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;

**(3)** Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art; and

**(4)** Requests seeking to elicit from an accused infringer the identification of any opinions of an attorney, and related documents, that it intends to rely upon as a defense to an allegation of willful infringement.

**(b)** When a party properly objects to a discovery request (or declines to provide information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) as set forth above, that party must provide

4

the requested information on the date it is required to provide the requested information to an opposing party under this Order, unless there exists another legitimate ground for objection.

## 3. PATENT INITIAL DISCLOSURES

### 3-1. Disclosure of Asserted Claims and Preliminary Infringement Contentions.

**(a)** Not later than 14 days after the initial case management conference, a party claiming patent infringement must serve on each opposing party a disclosure of asserted claims and preliminary infringement contentions and file notice of such service with the clerk. The disclosure of asserted claims and preliminary infringement contentions must contain, separately for each opposing party, the following information:

> **(1)** Each claim of each patent in suit that is allegedly infringed by each opposing party;

> **(2)** Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("accused instrumentality") of each opposing party of which the party is aware. This identification must be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus that, when used, allegedly results in the practice of the claimed method or process;

> **(3)** A chart identifying specifically and in detail where each element of each asserted claim is found within each accused instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of each structure, act, or material in the accused instrumentality that performs the claimed function;

> **(4)** Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused instrumentality;

> **(5)** For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

> *(6)* If a **party** claiming patent infringement wishes to preserve the right to rely, for

any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

**(b)** Failure to comply with the requirements of this paragraph, including the requirement of specificity and detail in contending infringement, may result in appropriate sanctions, including dismissal.

### 3-2. Document Production Accompanying Disclosure.

**(a)** In addition to serving the disclosure of asserted claims and preliminary infringement contentions, the party claiming patent infringement must produce or make available for inspection and copying to each opposing party:

**(1)** Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. **A** party's production of a document as required by this paragraph does not constitute an admission that the document evidences or is prior art under **35** U.S.C. § 102;

**(2)** All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, that were created on or before the date of application for the patent in suit or the priority date identified under paragraph 3-1(a)(5), whichever is earlier; and

**(3)** **A** copy of the file history for each patent in suit.

**(b)** The producing party must separately identify by production number which documents correspond to each category.

*6*

### 3-3.  Preliminary Invalidity Contentions.

**(a)**  Within 45 days from the date the party claiming patent infringement serves the disclosure of asserted claims and preliminary infringement contentions on all opposing parties, each party opposing a claim of patent infringement must serve on all other parties its preliminary invalidity contentions and file notice of such service with the clerk.  The preliminary invalidity contentions must contain the following information:

**(1)**  The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious.  Each prior art patent must be identified by its number, country of origin, and date of issue.  Each prior art publication must be identified by its title, date of publication, and, when feasible, author and publisher.  Prior art under 35 U.S.C. § 102(b) must be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity that made the use or made and received the offer, or the person or entity that made the information known or to whom it **was** made known.  Prior art under 35 U.S.C. § 102(f) must be identified by providing the name of each person from whom and the circumstances under which the invention or any part of it was derived.  Prior art under 35 U.S.C. § 102(g) must be identified by providing the identity of each person or entity involved in and the circumstances surrounding the making of the invention before the patent applicant;

**(2)**  Whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

**(3)** A chart identifying where specifically and in detail in each alleged item of prior art each element of each asserted claim is found, including for each element that the party contends is governed by 35 U.S.C. § 112(6), the identity of the structure, act, or material in each item of prior art that performs the claimed function; and

**(4)**  Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2), or enablement or written description under 35 U.S.C. § 112(1), of any of the asserted claims.

**(b)** Failure to comply with the requirements of this paragraph, including the requirement of specificity and detail, may result in appropriate sanctions.

**3-4.  Document Production Accompanying Preliminary Invalidity Contentions.**

At the time the preliminary invalidity contentions are served on all opposing parties, the party opposing a claim of patent infringement must also produce or make available for inspection and copying to all opposing parties:

**(a)**   Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an accused instrumentality identified by the patent claimant in its paragraph 3-1(a)(3) chart; and

**(b)** A copy of each item of prior art identified under paragraph 3-3(a)(1) that does not appear in the file history of each patent at issue.  To the extent any such item is not in English, an English translation of each portion relied upon must be produced.

**3-5.  Disclosure Requirement in Patent Cases for Declaratory Judgment.**

**(a) Invalidity Contentions If No Claim of Infringement.** In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, paragraph 3-1 and 3-2 will not apply unless and until a claim for patent infringement is made by a party.  If the defendant does not assert a claim for patent infringement in its answer to the complaint, then no later than 14 days after the defendant files its answer, or 14 days after the initial case management conference, whichever is later, the party seeking a declaratory judgment must serve upon each opposing party its preliminary invalidity contentions that conform to paragraph 3-3 and produce or make available for inspection and copying by all opposing parties the documentation described in paragraph 3-4.  The parties must meet and confer within 14 days of the service of the preliminary invalidity contentions for the purpose of determining the date the plaintiff will file its final invalidity contentions, which must be filed within 50 days from the date the presiding judge's claim construction ruling is filed.

**(b) Application of Rules When No Specified Triggering Event.**  If the filings or actions in a Dallas division patent case do not trigger the application of this Order, then as soon as this is

known, the parties to the patent case must meet and confer for the purpose of agreeing on the application of this Order to the patent case.

(c) **Inapplicability.** This paragraph does not apply to a Dallas division patent case in which a request for a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable is filed in response to a complaint for infringement of the same patent.

## 3-6. Final Contentions.

Each party's preliminary infringement contentions and preliminary invalidity contentions will be deemed to be that party's final contentions, except as set forth below.

(a) If a party claiming patent infringement believes in good faith that the presiding judge's claim construction ruling so requires, that party may serve final infringement contentions without leave of court that amend the party's preliminary infringement contentions with respect to the information required by paragraph 3-1(a)(3) and (4) within 30 days from the date the presiding judge's claim construction ruling is filed.

(b) Within 50 days from the date the presiding judge's claim construction ruling is filed, each party opposing a claim of patent infringement may serve its final invalidity contentions without leave of court that amend its preliminary invalidity contentions with respect to the information required by paragraph 3-3 if:

> (1) a party claiming patent infringement has served its final infringement contentions under paragraph 3-6(a), or
>
> (2) the party opposing a claim of patent infringement believes in good faith that the presiding judge's claim construction ruling so requires.

**3-7. Amendment to Contentions.**

Amendment of the preliminary or final infringement contentions or the preliminary or final invalidity contentions, other than as expressly permitted in paragraph 3-6, may be made only by order of the presiding judge upon a showing of good cause. Good cause for the purposes of this paragraph may include newly discovered accused instrumentalities, newly discovered bases for claiming infringement, or newly discovered prior art references. A party seeking amendment of the preliminary or final infringement contentions or the preliminary or final invalidity contentions must include in its motion to amend a statement that the newly discovered accused instrumentalities, newly discovered bases for claiming infringement, or newly discovered prior art references were not known to that party prior to the motion despite diligence in seeking out same.

**3-8. Willfulness.**

**(a)** By the date established in the scheduling order, each party opposing a claim of patent infringement that will rely on an opinion of an attorney as part of a defense to a claim of willful infringement must:

> **(1)** Produce or make available for inspection and copying each opinion and any other documents relating to the opinion as to which the party agrees the attorney-client or work product protection has been waived; and
>
> **(2)** Serve a privilege log identifying any other documents, except those authored by an attorney acting solely as trial counsel, relating to the subject matter of the opinion the party is withholding on the grounds of attorney-client privilege or work product protection.

**(b)** A party opposing a claim of patent infringement who does not comply with the requirements of this paragraph will not be permitted to rely on an opinion of an attorney as part of a defense to willful infringement absent a stipulation of all parties or by order of the presiding judge upon a showing of good cause.

## 4. CLAIM CONSTRUCTION PROCEEDINGS

### 4-1. Exchange of Proposed Terms and Claim Elements for Construction.

**(a)** Not later than 14 days after service of the preliminary invalidity contentions under paragraph 3-3, each party must simultaneously exchange a list of claim terms, phrases, or clauses that the party contends should be construed by the presiding judge, and any claim element that the party contends should be governed by **35** U.S.C. § 112(6).

**(b)** After exchanging this list, the parties must meet and confer for the purposes of finalizing a combined list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction and prehearing statement.

### 4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence.

**(a)** Not later than 21 days after the exchange of lists under paragraph 4-1(a), the parties must simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause that the parties collectively have identified for claim construction purposes, and must also identify each structure, act, or material corresponding to each claim element that the parties collectively contend is governed by 35 U.S.C. § 112(6).

**(b)** At the same time the parties exchange their respective preliminary claim constructions, they must each also exchange a preliminary identification of extrinsic evidence, including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties must identify each item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any percipient or expert witness, the parties must also provide **a** brief description of the substance of that witness' proposed testimony.

**(c)** The parties must thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of **a** joint claim construction and prehearing statement.

**4-3.  Joint Claim Construction and Prehearing Statement.**

Not later than 60 days after service of the preliminary invalidity contentions, the parties must complete and file a joint claim construction and prehearing statement that contains the following information:

**(a)**  The construction of those claim terms, phrases, or clauses on which the parties agree;

**(b)**  Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which the party intends to rely, either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

**(c)**  The anticipated length of time necessary for the claim construction hearing;

**(d)**  Whether any party proposes to call one or more witnesses, including experts, at the claim construction hearing, the identity of each witness, and, for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

**(e) A** list of any other issues that might appropriately be taken up at a prehearing conference prior to the claim construction hearing, and, if not previously set, proposed dates for any such prehearing conference.

**4-4.  Completion of Claim Construction Discovery.**

Within 30 days from the date the joint claim construction and prehearing statement is filed, the parties must complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the joint claim construction and prehearing statement.

**4-5.  Claim Construction Briefs.**

**(a)**  Within 45 days from the date the joint claim construction and prehearing statement is filed, each party must serve and file a claim construction brief and any evidence supporting its claim

construction. The requirements of LR 7.2 apply to such briefs, except that, excluding the table of contents and table of authorities, the length of a brief must not exceed 30 pages. By order or other appropriate notice issued in the case, the presiding judge may restrict the length of a brief to fewer than 30 pages, or, for good cause, may enlarge the length of a brief.

**(b)** Each party may serve and file a responsive brief and supporting evidence within 14 days from the date the opposing party's claim construction brief is filed. The requirements of LR 7.2 apply to such briefs, except that, excluding the table of contents and table of authorities, the length of a brief must not exceed 30 pages. By order or other appropriate notice issued in the case, the presiding judge may restrict the length of a brief to fewer than 30 pages, or, for good cause, may enlarge the length of a brief. Unless the presiding judge otherwise directs, no further claim construction briefing will be permitted.

**(c)** Within 10 days[3] of the claim construction hearing scheduled under paragraph 4-6, the parties must jointly submit a claim construction chart on computer disk in WordPerfect format or in such other format as the presiding judge may direct.

> **(1)** The claim construction chart must have a column listing the complete language of disputed claims with disputed terms in bold type and separate columns for each party's proposed construction of each disputed term. The chart must also include a fourth column entitled "Judge's Construction," that is otherwise left blank. Additionally, the chart must direct the presiding judge's attention to each patent and claim number where a disputed term appears.

> **(2)** The parties may also include constructions for claim terms to which they have agreed. If the parties choose to include agreed constructions, each party's proposed construction columns must state "[AGREED]," and the agreed construction must be inserted in the "Judge's Construction" column.

> **(3)** The purpose of this claim construction chart is to assist the presiding judge and the parties in tracking and resolving disputed terms. Accordingly, aside from the requirements set forth in this Order, the parties are afforded substantial latitude in the

---

[3] The decision to retain this 10-day deadline in the amended order is intentional.

chart's format so that they may fashion a chart that most clearly and efficiently outlines the disputed terms **and** proposed constructions. Appendices to the presiding judge's prior published and unpublished claim construction opinions may provide helpful guidelines for parties fashioning claim construction charts.

## 4-6. Claim Construction Hearing.

Subject to the convenience of the presiding judge's calendar, two weeks after the responsive briefs under paragraph 4-5(b) have been filed, the presiding judge will conduct a claim construction hearing, to the extent the parties or the presiding judge believe **a** claim construction hearing is necessary for construction of the claims at issue.

The clerk is directed to make appropriate distribution of this Order.

**SO ORDERED.**

November 16, 2009.


_____
SIDNEY A. FITZWATER
CHIEF JUDGE

## APPENDIX A

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DXSTRICT OF TEXAS

Plaintiff, **v.** Defendant. )) Civil Action No.

## PROTECTIVE ORDER

### Proceedings and Information Governed.

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c).  It governs **any** document, information, or other thing furnished by any party to any other party, and it includes **any** non-party who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

### Designation and Maintenance of Information.

2. For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential and (b) the "Confidential Attorney Eyes Only" designation  means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a

1

patent application dealing with such subject matter. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the **party** to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

**3.** Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing **party as** containing Confidential Information by placing on each page and each thing a legend substantially as follows:

## CONFIDENTIAL INFORMATION
## SUBJECT TO PROTECTIVE ORDER

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party **as** containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

## CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION
## SUBJECT TO PROTECTIVE ORDER

**A** party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion of the transcript **at** the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (1**4)** calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information or Confidential Attorneys Eyes Only Information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information.

Each **party** and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.  It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms **as** is permitted under this Protective Order.

**Inadvertent Failure to Designate.**

**4.** The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at **a** later date in writing and with particularity. The information must be treated **by** the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations.**

5. **A** receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving **party** whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame, and after the conference required under LR 7.1(a), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon **by** the presiding judge, the designation will remain in full force and effect, **and** the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6. Information designated as Confidential Information or Confidential Attorney Eyes Only Information may only be used for purposes of preparation, trial, and appeal of this action.

Confidential Information or Confidential Attorney Eyes Only Information may not be used under **any** circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

7. Subject to paragraph **9** below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) two **(2)** employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) two (2) in-house counsel who are identified by the receiving party; (c) outside counsel for the receiving **party;** (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants; **and** (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

**8.** Subject to paragraph 9 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to **the** following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party; (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; *(c)* experts or consultants; and (d) those individuals designated in paragraph 11(c).

9. Further, prior to disclosing Confidential Information or Confidential Attorney Eyes Only Information to a receiving **party's** proposed expert, consultant, or employees, the receiving **party** must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit **A,** the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing **party** will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual, The objection must be made for good cause and in

4

writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

10. Counsel **is** responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

11. Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information **was** previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. **Civ.** P. 30(b)(6);

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of  Confidential Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Non_Party Information.**

      12. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

      13. If any party wishes to submit Confidential Information to the court, the submission must be filed only in a sealed envelope bearing the caption of this action and **a** notice in the following form:

**CONFIDENTIAL INFORMATION**
[caption]
This envelope, which is being filed under seal,
contains documents that are subject to a Protective
Order governing the use of confidential discovery material.
**No Prejudice.**

      14. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a **party** to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or *(e)* prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

      15. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an

obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing party that this destruction or return has been done.  However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

16. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court fiom finding that information may be relevant and subject to disclosure in another case. **Any** person or party subject to this Protective Order who may be subject to a motion to disclose another **party's** information designated Confidential pursuant to this Protective Order must promptly notify that **party** of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

**17.** It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions **as** may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are **fully** reserved.

18. **Any** party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF **TEXAS**

Plaintiff, v. Defendant. )) Civil Action No.

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT OR EMPLOYEES OF ANY PARTY**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.  I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and **me.**

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Confidential Attorney Eyes Only Information are to be returned to counsel who provided me with such documents and materials.

**Exhibit B**

IN THE UNITED **STATES** DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS

Plaintiff, v. Defendant. )) Civil Action No.

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Infomation, including documents and things, designated **as** "Confidential

Information," or "Confidential Attorney Eyes Only Information," **as** defined in the Protective Order entered in

the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions

of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree **not** to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to

me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose

any of this information to persons other than those specifically authorized by the Protective Order, without the

express written consent of the party who designated the information as confidential or by order of the presiding

judge.