UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MOBILEMEDIA IDEAS, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>RESEARCH IN MOTION LIMITED )<br>AND RESEARCH IN MOTION )<br>CORPORATION, )<br><br>Defendants. ) | **2:10-cv-113-TJW-CE** |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL ADHERENCE TO SCHEDULE AND EMERGENCY CROSS-MOTION TO VACATE DOCKET CONTROL AND DISCOVERY ORDERS AND SUSPEND DEADLINES PENDING TRANSFER

Three days ago, on August 30, 2011, this Court granted the motion of Defendants Research In Motion Corp. and Research In Motion Ltd. (collectively, "RIM") to transfer this case to the Northern District of Texas because "the transferee venue is 'clearly more convenient' than the venue chosen by plaintiff." (Dkt. No. 106, p. 1.) Yesterday, Plaintiff MobileMedia Ideas, Inc. ("MMI") submitted an Emergency Motion in which it stated that "it does not oppose or otherwise object to the Transfer Order, so the suspension of the order can be lifted and the transfer may proceed immediately." (Dkt. No. 109, p. 2.) RIM also does not object to the immediate transfer of this case.

Notwithstanding the now consensus agreement that the case should be litigated in the Northern District of Texas, MMI's Emergency Motion also seeks to have this Court *compel* RIM to continue to adhere to *this* Court's local rules and deadlines, and also to compel RIM to continue to provide discovery, *even after transfer (e.g.,* with respect to depositions in October

- 1 -

2011).  RIM respectfully requests that the Court instead follow the established practice in this

District for cases pending transfer, and suspend all deadlines under the Local Rules, the Docket

Control Order (Dkt. No. 81), and the Discovery Order (Dkt. No. 82).[1]

MMI does not cite a single case in support of its assertion that this Court should compel

continued compliance with the Local Rules, Docket Control Order and Discovery Order.

Instead, Judges in this District have rightly decided not to continue to oversee day-to-day

litigation of cases after ordering their transfer to another district.  For example, in an Order dated

August 22, 2011 in *Bandspeed, Inc. v. Acer, Inc., et al.* (Case No. 2:10-cv-00215), Judge Ward

stated that he had previously granted defendants' motion to transfer the case to the Western

District of Texas, and that "[i]n light of the transfer of venue the Court VACATES the Docket

Control Order...and Discovery Order...in this case.  Likewise the Court SUSPENDS any

deadline under the Local Rules for responding to pending motions."  (Dkt. No. 550, p. 1).

Judge Ward's recent Order in *Bandspeed* follows a long line of cases in this District in

which the Court explicitly suspended deadlines – such as deadlines under the Local Rules,

Docket Control Order, or with respect to pending motions – when transfer was granted.  *See,

e.g., Software Rights Archive, LLC v. Google, Inc.*, Civ. No. 2:07-cv-511, 2010 WL 2950351, at

*5 (E.D. Tex. 2010) ("As such, the defendants' motion to transfer venue is GRANTED. The

court suspends any deadline under the Local Rules for responding to pending motions."); *Harvey*

---

[1] MMI argues that RIM is "treating this court's transfer order...as an automatic, complete and
unconditional stay and refusing to provide their claim construction positions or to proceed with
discovery." (MMI Br. at 1).  That is simply not true.  Instead, since this Court's Transfer Order
was issued three days ago, the parties have held *three different* meet-and-confer sessions to
discuss the ramifications of the Transfer Order on the existing schedule, and *mutually-agreed*
that the pending deadlines for exchanging claim constructions and filing motions to join parties
should be extended until September 8 so that the parties could submit these emergency motions.
(*See* Unopposed Motion to Extend Deadlines to September 8, 2011, Dkt. No. 108.)  RIM has not
made a "unilateral attempt to turn the transfer into a stay of proceedings and ignore this Court's
order" (MMI Br. at 2) – instead, RIM has tried to explain to MMI over three sessions that the
parties should mutually agree to stay proceedings and make all efforts to have the case
expeditiously transferred, with a new judge assigned and a new case schedule put in place.
Because it could not come to agreement with MMI, RIM has been forced to file this Emergency
Cross-Motion.

*v. Apple, Inc.*, Civ. No. 2:07-cv-327, 2009 WL 7233530, at *2 (E.D. Tex. 2009) ("In light of the transfer of venue, the Court suspends any and all pending deadlines as indicated in the Docket Control Order. Likewise, the Court suspends any deadline under the Local Rules for responding to pending motions. The clerk is to transfer the above-titled case to the Northern District of California."); *Orinda Intellectual Props. USA Holding Group, Inc. v. Sony Corp.*, Civ. No. 2:08-cv-323, 2009 WL 3261932, at *4 (E.D. Tex. 2009) ("In light of the transfer of venue, the Court suspends any and all pending deadlines as indicated in the Docket Control Order. Likewise, the Court suspends any deadline under the Local Rules for responding to pending motions. The clerk is to transfer the above titled case to the Northern District of California."). As in *Bandspeed, Software Rights, Harvey,* and *Orinda,* RIM respectfully requests that the Court suspend the governing orders and Local Rules in this case pending transfer.[2]

Even though it is seeking an Order compelling compliance from RIM, MMI argues that the parties do not need Court oversight to continue discovery, including document and deposition discovery, and exchange of claim constructions. (MMI Br. at 3-4). But this argument ignores several disputes between MMI, RIM, and third parties that may very well require Court intervention, including the following examples:

- MMI redacted purportedly "non-responsive" material from corporate communications it produced to RIM and refuses to produce unredacted versions (Walden Decl. Ex. A, B);
- MMI refuses to produce transcripts of inventor depositions taken by Apple Corporation in a parallel infringement suit in the District of Delaware, despite the fact that these same inventors were scheduled to be deposed in this case on the same patents as in the Apple case (Walden Decl. Exs. A, B, C);
- The parties and third-party Sony Corporation have been unable to come to agreement on inventor depositions that will need to take place in Japan, including

---

[2] RIM does not request that the Court vacate the Protective Order in this action (Dkt. No. 101).

(a) RIM has been unable to secure agreement that all inventors, rather than only a "representative" sample, will be produced, and (b) RIM has been unable to secure agreement that the depositions may take place over more than one trip given the large number of individuals to be deposed and the difficulty scheduling Embassy or Consulate space (in Tokyo or Osaka, Japan) for the depositions (Walden Decl. Ex. D). In addition, once the depositions are scheduled, the parties will need to obtain a U.S. Court order so that, among other things, Japanese deposition visas may be obtained;[3] and

- RIM intends to serve several objections to a 30(b)(6) deposition notice served by MMI, and expects meet-and-confer sessions and potentially court intervention will be necessary to define an agreeable scope of the deposition(s) to be taken in response to the notice (a copy of the 30(b)(6) notice is attached as Exhibit E to the Walden Decl.).

These and other disputes may require motion practice and court intervention. This Court has already found that the Northern District's interest in this case is "more direct and concrete" than that of the Eastern District. (Transfer Opinion at 10.) Accordingly, this case, including these disputes, should be stayed until the parties are in fact in the Northern District and have been assigned to a Judge in the Northern District.

Finally, MMI argues that staying the case pending transfer will cause "undue delay." (MMI Br. at p. 2). But both MMI and RIM agree that this case should be expeditiously transferred, and as MMI admits, the Northern District of Texas has its own patent rules intended to expedite disposition of patent cases. (MMI Br. at p. 3). Therefore, any stay of the case

---

[3] MMI incorrectly asserts that suspending all deadlines will "throw a wrench" in plans for depositions in Japan. RIM has reserved deposition space in Japan for December and January in Osaka and in March for Tokyo. There will be plenty of time, once the case is transferred, to obtain the necessary Court orders, and to schedule and take the depositions.

pending completion of the transfer is likely to last only a few weeks at most, and there is no

reason to believe that the ultimate time-line for disposition of the case will be adversely affected

by such a stay (the time-line will, of course, depend on the schedule of the new Northern District

Judge to be assigned). In any event, it was MMI, not RIM, that chose to instigate this case in the

Eastern District rather than in the "clearly more convenient" Northern District. Any transfer

"delay" has been caused by MMI, and it is certainly not "undue."

For the foregoing reasons, RIM respectfully requests that the Court: (i) deny MMI's

emergency motion to compel, and (ii) grant RIM's emergency cross-motion to vacate the Docket

Control and Discovery Orders and suspend deadlines under the Local Rules pending transfer.

Date: September 2, 2011

By: /s/ Michael E. Richardson

Mark G. Matuschak
mark.matuschak@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

S. Calvin Walden
calvin.walden@wilmerhale.com
Kate Hutchins
kate.hutchins@wilmerhale.com
Omar A. Khan
omar.khan@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

James M. Dowd
james.dowd@wilmerhale.com
Michael D. Jay
Michael.jay@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

Joe W. Redden, Jr.
State Bar No. 16660600
jredden@brsfirm.com
Michael Richardson
State Bar No. 24002838
mrichardson@brsfirm.com
BECK REDDEN & SECREST, LLP
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

**ATTORNEYS FOR DEFENDANTS RESEARCH IN
MOTION AND RESEARCH IN MOTION CORPORATION**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that the meet and confer requirements of Local Rule 7(h) have been complied with.  On August 30, 31, and September 1, 2011, Counsel for RIM, Michael Richardson, Calvin Walden, and Martin Gilmore, participated in telephone conferences with Counsel for MMI, Adam Brebner, Victoria Coyle and John Garvish, to discuss the foregoing cross-motion to vacate docket control and discovery orders and suspend deadlines pending transfer. MMI opposes such motion. The discussions have ended at an impasse, leaving an open issue for the Court to resolve.

/s/ Michael E. Richardson
Michael E. Richardson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 2nd day of September, 2011.


/s/ Michael E. Richardson

ACTIVEUS 90518690v1