**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| MOBILEMEDIA IDEAS LLC ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| vs. ) | Case No. 2:10-CV-00113 |
| ) | |
| RESEARCH IN MOTION LIMITED and ) | |
| RESEARCH IN MOTION CORPORATION ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

## DECLARATION OF S. CALVIN WALDEN

I, S. Calvin Walden, pursuant to the provisions of 28 U.S.C. § 1746, declare:

1.     I am an attorney with Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Defendants Research In Motion Limited and Research In Motion Corporation.  I am fully familiar with the facts stated below and submit this declaration and the attached exhibits in support of Defendants' Opposition to Plaintiff's Emergency Motion to Compel Adherence to Schedule and Cross-Motion to Vacate Docket Control and Discovery Orders and Suspend Deadlines pending Transfer.  All of the statements of fact in this Declaration are true and correct according to my personal knowledge.

2.     Attached hereto as Exhibit A is a true and correct copy of an email from Michael Richardson to counsel for Plaintiffs' dated August 23, 2011.

3.      Attached hereto as Exhibit B is a true and correct copy of an email from Adam Brebner to counsel for Defendants dated August 17, 2011, as well as an email from Michael Richardson to counsel for Plaintiff dated August 10, 2011.

4.      Attached hereto as Exhibit C is a true and correct copy of an email from Michael Richardson to Adam Brebner dated August 31, 2011.

5.      Attached hereto as Exhibit D is a true and correct copy of an email from Gregory Gewirtz to counsel for Defendants dated August 26, 2011, as well as an email from Michael Richardson to counsel for Plaintiff dated August 24, 2011.

6.      Attached hereto as Exhibit E is a true and correct copy of a 30(b)(6) deposition notice from MMI to RIM, dated August 5, 2011.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of September, 2011

S. Calvin Walden

# EXHIBIT "A"

**Gilmore, Martin**

| | |
|---|---|
| **From:** | Michael Richardson [MRichardson@brsfirm.com] |
| **Sent:** | Tuesday, August 23, 2011 9:56 AM |
| **To:** | Brebner, Adam |
| **Cc:** | jgarvish@mckoolsmith.com; Coyle, Victoria A.; Matuschak, Mark; Hutchins, Kate; Dowd, James; Walden, S. Calvin; Jay, Michael; Gilmore, Martin |
| **Subject:** | MMI v. RIM |
| **Attachments:** | MMI-R0017812.pdf; MMI-R0018051.pdf; MMI-R0018052.pdf; MMI-R0018063.pdf; MMI-R0018065.pdf; MMI-R0016173.pdf; MMI-R0016177.pdf; MMI-R0016178.pdf; MMI-R0016180.pdf; MMI-R0016953.pdf; MMI-R0016954.pdf; MMI-R0016962.pdf; MMI-R0016965.pdf; MMI-R0016966.pdf; MMI-R0017225.pdf; MMI-R0017227.pdf; MMI-R0017287.pdf; MMI-R0017295.pdf; MMI-R0017298.pdf; MMI-R0017299.pdf; MMI-R0017309.pdf; MMI-R0017310.pdf; MMI-R0017321.pdf; MMI-R0017322.pdf |

Adam:

Pursuant to your request, attached please find examples of documents that have been produced in redacted form or with the "page intentionally left blank" and that we believe should be produced in their original form.

Let me know if you have any questions.

Michael

# EXHIBIT "B"

**From:** Brebner, Adam [mailto:brebnera@sullcrom.com]
**Sent:** Wednesday, August 17, 2011 2:26 PM
**To:** MRichardson@brsfirm.com; John Garvish; Coyle, Victoria A.
**Cc:** Matuschak, Mark; Jay, Michael; Walden, S. Calvin; Dowd, James; Hutchins, Kate; Gilmore, Martin; Beeneyg@sullcrom.com
**Subject:** RE: MMI v. RIM

Michael –

To respond to the issues you raise below:

1

1. MMI is willing to produce transcripts of the inventor or prosecution counsel depositions taken in the Apple action relating to overlapping patents to the extent that the witnesses do not object to such production under the terms of the protective order in place in the Apple litigation and subject to RIM's agreement that it will produce the transcripts of its witnesses pertaining to the accused products from other infringement litigation.

2. Generally, MMI is not willing to produce its board minutes in unredacted form.  They are highly confidential (and in some portions privileged) and not relevant to the claims or defenses in this action.  If there is particular material in the board minutes as produced that you believe is relevant to the action and for which you believe you need additional context, please identify the material and the context sought, and MMI will consider your request further.

3. MMI requested from Sony and Nokia any materials pertaining to the conception and reduction to practice of the patents and produced with its PR 3-1, 3-2 disclosures any non-privileged material so provided.  To the extent additional material is provided to MMI from Sony and Nokia relating to the conception and reduction of the patents, and is not otherwise directly produced to RIM in response to RIM's subpoenas, MMI will produce such material.

Regards,


Adam R. Brebner
Sullivan & Cromwell LLP | 125 Broad Street |
   New York, NY  10004-2498
T: (212) 558-3011 | F: (212) 291-9229
brebnera@sullcrom.com | http://www.sullcrom.com

**From:** Michael Richardson [mailto:MRichardson@brsfirm.com]
**Sent:** Wednesday, August 10, 2011 5:02 PM
**To:** Brebner, Adam; John Garvish; Coyle, Victoria A.
**Cc:** Matuschak, Mark; Jay, Michael; Walden, S. Calvin; Dowd, James; Hutchins, Kate; Gilmore, Martin
**Subject:** MMI v. RIM

Adam, Victoria and John:

We write to address three discovery issues.

First, we understand that depositions have already been completed in the *Apple* case.  We would ask that you either (a) produce copies of the depositions to us; or (b) confirm to Apple's counsel that they can provide copies to us.

Second, the MMI board minutes that have been produced have large sections redacted as "nonresponsive."  We would like to be able to put the minutes in context and request that the minutes be produced in non-redacted form.  We would be willing to consider some type of arrangement whereby we are allowed to review the minutes without redaction with an agreement that we will return/destroy the unredacted copies within x days (still reserving the right to challenge the redactions).

Finally, MMI has yet to produce conception or reduction to practice documents for the asserted patents.  Those documents are available to MMI pursuant to the patent assignment agreements. *See, e.g.,*  MMI-

R_00014416.  With inventor depositions about to begin, please let us know when we can expect to receive these documents.

We look forward to hearing from you.

Michael

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

# EXHIBIT "C"

## Dryer, Jane

| | |
|---|---|
| **From:** | Matuschak, Mark |
| **Sent:** | Wednesday, August 31, 2011 2:16 PM |
| **To:** | WH RIM Mobilemedia |
| **Subject:** | FW: MMI v. RIM |

**From:** Gail Fuller [mailto:GFULLER@brsfirm.com]
**Sent:** Wednesday, August 31, 2011 8:38 AM
**To:** brebnera@sullcrom.com
**Cc:** jgarvish@mckoolsmith.com; coylev@sullcrom.com; Matuschak, Mark; MRichardson@brsfirm.com
**Subject:** MMI v. RIM

I am forwarding this email on behalf of Michael Richardson.


Adam

I'm trying again to resolve the issue we've discussed and traded multiple emails regarding the transcripts of depositions of the inventors of the patents in suit in the RIM, Apple and HTC cases.  Please let us know whether MMI agrees that RIM, Apple and HTC can exchange these transcripts with the understanding that they will be treated with the designation of attorneys-eyes-only .  RIM, Apple and HTC will coordinate this exchange.  We simply want MMI's agreement since these transcripts have been designated by MMI as having MMI confidential information. Note that while RIM is treating the transcripts with the confidentiality designated by MMI, RIM is not agreeing that MMI's designation is proper.

Our view is that this approval must be provided immediately. MMI is improperly trying to "hold hostage" transcripts that are known to exist and are clearly relevant to the on-going litigation.

If MMI wants RIM to produce discovery in addition to the large volumes of material that RIM has already been produced, RIM asks that MMI specifically identify the additionally discovery that it seeks and RIM will consider this request.  Nonetheless, MMI's statements regarding RIM's production does not justify MMI's withholding of consent to RIM's very clear request to exchange the above-mentioned transcripts.

This issue has now been outstanding for several weeks and we need to bring it to conclusion by the end of the week.  If you are unwilling to commit to promptly producing these transcripts and exhibits please let us know when MMI's lead and local counsel can participate in a formal Local Rule 7 meet and confer.  Mark Matuschak and I are generally available next Tuesday and Wednesday.

We look forward to hearing from you.

Michael"

1

# EXHIBIT "D"

## Penley, Eric

| | |
|---|---|
| **From:** | Jay, Michael |
| **Sent:** | Monday, August 29, 2011 6:42 PM |
| **To:** | Gilmore, Martin |
| **Subject:** | FW: MMI v. RIM |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**From:** Gewirtz, Gregory S [mailto:ggewirtz@ldlkm.com]
**Sent:** Friday, August 26, 2011 3:28 PM
**To:** MRichardson@brsfirm.com; Brebner, Adam; Coyle, Victoria A.
**Cc:** jgarvish@mckoolsmith.com; Matuschak, Mark; Jay, Michael; Dowd, James; Hutchins, Kate; Walden, S. Calvin; Hander, Robert B
**Subject:** RE: MMI v. RIM

Michael,

It is disappointing that RIM is not willing to proceed as I proposed during our conference call on Wednesday. I believe that it is a practical approach and would have been benefitted all parties for RIM to depose the most knowledgeable inventor of each patent rather than all Sony inventors in Tokyo. To that end, we offered to go out of our way to reasonably prepare the designated inventor. I understood from our discussion that MMI was also willing to work with us and to that end, would consider agreeing that it would not rely upon testimony from any inventor that Sony did not make available for RIM to depose.

It should also be recognized that Sony Corporation has been cooperating without an obligation to RIM to do so. As we discussed, Sony Corporation no longer owns or controls the subject patents and has not even been served with a deposition subpoena.

Notwithstanding the above, Sony is willing to make its inventors available to be deposed at the US Embassy in Tokyo during the proposed dates (Oct 3 - 14). We do not agree, however, to handle the Tokyo depositions on multiple trips as that is not efficient and would be too burdensome. It would be most efficient for RIM to depose Sony's inventors on all 4 oft he subject patents ('231, '012, '390, and '394) during the same trip. There is one exception that I would like to discuss with you. Mr. Nakajima, one of the 5 co-inventors of the '012 patent, is not available to be deposed. As he is the 4th named co-inventor on that patent, and Sony would agree to produce 9 of the 10 inventors, I trust that would be acceptable to RIM. We can discuss this further by telephone if you would like more details.

I recognize that RIM would only like to depose the inventors of the '012 and '394 patents during the October dates. However, Sony will not agree to that approach as it is believed to be inefficient for all.

I am available to discuss the above as early as next Monday.

Regards,

Greg

---

**From:** Michael Richardson [mailto:MRichardson@brsfirm.com]
**Sent:** Wednesday, August 24, 2011 5:44 PM
**To:** Gewirtz, Gregory S; Brebner, Adam; Coyle, Victoria A.
**Cc:** jgarvish@mckoolsmith.com; Matuschak, Mark; Jay, Michael; Dowd, James; Hutchins, Kate; Walden, S. Calvin
**Subject:** MMI v. RIM

Greg and Victoria:

As previously expressed to Adam, RIM is not agreeable to Sony's proposal of deposing only one inventor per patent. We believe we are entitled to depose all of the inventors, and believe that given the agreement between MMI and Sony, Sony has an obligation to make the inventors available for deposition. Frankly we thought we were past this issue and that the purpose of today's call was to discuss actually scheduling those depositions. Indeed, on July 25, 2011, we had a LR-7 lead and local counsel meet and confer on this issue. At that time we understood MMI to drop this limitation, and accordingly RIM did not file a motion to compel at that time. If we are not able to resolve this issue on the same terms that we resolved the meet and confer, then RIM's position is that our meet and confer obligations have already been met and we will move to compel. Kindly let us know your position by COB Friday.

With respect to doing all of the depositions in one trip, we do not think it is reasonable for MMI and Sony to require that everything happen in October. MMI sued RIM on 7 different Sony patents, involving 11 separate inventors. Two trips to Japan is not unreasonable to take these depositions. In any event, team members who are working on the 231 and 390 patents have trial commitments during those weeks in October, so we will only be able to proceed on the 394 and 012 patents.

Please let us know your position on these issues. We have been attempting to schedule these deposition for some time now. If there are any issues we would like to proceed with a meet and confer on the second point if we need to do that.

Michael

2

# EXHIBIT "E"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| MOBILEMEDIA IDEAS LLC, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §  CIVIL ACTION NO. 2:10-CV-113 |
| | § |
| RESEARCH IN MOTION LIMITED and | § |
| RESEARCH IN MOTION CORPORATION, | § |
| | § |
| Defendants. | § |
| | § |

## PLAINTIFF MOBILEMEDIA IDEAS LLC'S NOTICE
## OF VIDEOTAPED DEPOSITION PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, plaintiff MobileMedia Ideas LLC ("MMI") will depose upon oral examination

defendants Research in Motion Limited and Research in Motion Corporation (collectively,

"RIM"), by and through one or more of RIM's officers, directors, or managing agents, or other

persons who are designated and consent to testify on RIM's behalf, with respect to the topics set

forth in Schedule A hereto.  The person or persons so designated shall testify as to information

known or reasonably available to RIM.

The deposition of the person or persons so designated will take place on September 7, 2011, beginning at 9 a.m., at the offices of McKool Smith, P.C., 300 W. 6th Street, Suite 1700, Austin, TX 78701, or at such other time(s) and place(s) as the parties may agree. The deposition shall continue from day to day thereafter, excluding Sundays and legal holidays, until completed or adjourned and shall be recorded by stenographic means and videotape.

Dated:  August 5, 2011

## DEFINITIONS AND INSTRUCTIONS

1.      "RIM," "you," and "your," refer to defendants Research in Motion Limited and Research in Motion Corporation, their successors, predecessors, parents, subsidiaries, affiliates and divisions and their officers, directors, employees, representatives, attorneys, agents and/or all other persons acting or purporting to act on their behalf, collectively and individually.

2.      "Action" means this action (2:10-cv-0013-TJW-CE (E.D. Tex.)).

3.      "The" shall not be construed as limiting any topic herein.

4.      The plural of any word herein includes the singular, and the singular includes the plural.  Use of the singular shall also include the plural, and vice-versa.  The masculine gender of any word used herein includes the feminine and the neuter.

5.      "Including" means including without limitation.

6.      "Communication" means any manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information, whether orally, by document or by other electronic means, and whether face-to-face, in person, by telephone, telecopy, mail, delivery service, personal delivery, e-mail or otherwise, and includes correspondence, memoranda, reports and records of telephone calls, reports of meetings and all accounts or summaries of oral conversations.

7.      "Concerning" means directly or indirectly mentioning, discussing, pertaining to, referring to, relating to, describing, embodying, evidencing, constituting, or being in any way legally, logically, or factually concerned with the matter or document described, referred to or discussed.

3

8.    "Documents" shall have the broadest possible meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any writings, drawings, graphs, charts, photographs, sound recordings, images, other data or data compilations and any recording in any tangible form of any information, whether handwritten, typed, printed, stored on computer disks, tapes, or databases, or otherwise stored or reproduced. A draft or non-identical copy is a separate document within the meaning of this term.

9.    "MMI" means Plaintiff MobileMedia Ideas LLC, including its officers, directors, employees and/or all other persons acting or purporting to act on its behalf, collectively and individually.

10.   "Person" means any natural person or any business, legal or governmental entity or association.

11.   "Reflects," "refers," "relates," "regards," and their cognates mean directly or indirectly mentioning, concerning, constituting, identifying, discussing or describing, pertaining to or being connected with, a stated subject matter.

12.   "Accused Products" refers collectively to all products, systems, processes or instrumentalities identified in the Complaint or MMI's patent rule disclosures, including products that are identified as used in connection with any method claims.

13.   "Product Feature" means any aspect of any Accused Product relating to:

   a. use of notification profiles or sound profiles, including selecting, creating, and/or editing such profiles;

   b. important call exceptions to silent or quiet mode or "silent" sound profile;

   c. keys or buttons (including a touch screen) that change functionality depending on the operating state of the phone; using the "END" key to delete characters when dialing a phone number;

d.  rejecting or ignoring incoming calls, including the process that occurs and transmissions that occur when sending a call to voice mail;

e.  use of a camera that can wirelessly transmit pictures or the wireless transfer of a picture taken;

f.  quieting, reducing the volume of, muting, or stopping the notification of an incoming call;

g.  adjusting sound volume based on noise levels detected by the phone; automatic volume control function;

h.  shortcut (or single key) access to menu, message, pad (call log or prior call information), or book (including address book and/or contact) functions;

i.  call reception and/or call processing (including through Answer, Ignore, Flash, End, End Call, Transfer, Answer/Hold Current, Answer/Drop Current, Answer/Ignore  Current, Flash, Swap, Join, Join Conference, Hold, Add Participant, Complete Transfer, Split or Drop functions);

j.  use of activation time periods with keys or buttons (including a touch screen) to control web browser, the operation of a key to control browser navigation; using of the "escape key" to move up a screen or to return to the menu or standby screen;

k.  creating, editing and/or saving a playlist or a selection of songs or tracks for use with a portable device and/or transfer of the playlist, selection, or tracks to a portable device, including the use of Media Manager, Media Sync, and/or Blackberry Desktop Manager to create, edit, and/or save a playlist or selection of songs or tracks for use with a portable device; and

l.  image resolution conversion, conversion of an image having a first number of row and pixels into an image having a second number of rows and pixels; fitting images to a display size.

## TOPICS FOR DEPOSITION

1. RIM's document retention and/or destruction policies, practices or procedures, now or previously in effect.

2. RIM's research, design, development, testing and manufacturing process with respect to each Accused Product and/or Product Feature and the distribution, storage, retention and/or destruction of any and all documents, prototypes, drawings, schematics, source code, notebooks or other information reflecting such process.

3. The identity and role of each person working for or on behalf of RIM involved with collecting and/or producing documents to MMI in connection with this Action.

4. RIM's method of recording and accounting for: (a) quantities of Accused Products sold in the United States, (b) gross revenue, (c) net revenue, (d) cost of goods sold, (e) manufacturing costs; (f) profits, (g) income or (h) other financial benefits realized by RIM from sales of the Accused Products in the United States, including RIM's quarterly and annual financial reports and statements, and the distribution, storage, retention and/or destruction of any and all documents reflecting such information.

5. RIM's strategic planning processes in connection with marketing or advertising the Accused Products and the distribution, storage, retention and/or destruction of any and all documents or information reflecting those processes, including any research, evaluation, study or analysis of consumer demand, projected use, actual use, cost savings, profitability, return on investment, economic benefit, pricing or competition associated with the Accused Products.

6. The creation, development and distribution of any instructions and/or technical support information, in whatever form, provided by RIM in connection with the

Accused Products and the distribution, storage, retention and/or destruction of any and all

documents reflecting such instructions or information, including user guides or user manuals

reflecting the use, operation, repair and/or maintenance of the Accused Products.

Dated:  August 5, 2011                                   Respectfully submitted,


                                                         By:  */s/ Sam Baxter*
                                                         Samuel F. Baxter
                                                         Lead Attorney
                                                         State Bar No. 01938000
                                                         sbaxter@mckoolsmith.com
                                                         McKOOL SMITH P.C.
                                                         104 East Houston, Suite 300
                                                         Marshall, Texas 75670
                                                         Telephone:  (903) 923-9000
                                                         Facsimile:  (903) 923-9099


                                                         John F. Garvish, II
                                                         State Bar No. 24043681
                                                         jgarvish@mckoolsmith.com
                                                         McKOOL SMITH, P.C.
                                                         300 W. 6th Street, Suite 1700
                                                         Austin, TX 78701
                                                         Telephone:  (512) 692-8700
                                                         Facsimile:  (512) 692-8744


                                                         Garrard R. Beeney
                                                         Adam R. Brebner
                                                         Taly Dvorkis
                                                         Victoria A. Coyle
                                                         SULLIVAN & CROMWELL LLP
                                                         125 Broad Street
                                                         New York, New York 10004
                                                         Telephone: (212) 558-4000
                                                         Facsimile: (212) 558-3588


                                                         Kenneth Rubenstein
                                                         Anthony Coles
                                                         PROSKAUER ROSE LLP
                                                         1585 Broadway
                                                         New York, New York 10036
                                                         Telephone: (212) 969-3000
                                                         Facsimile: (212) 969-2900


                                                         ***Attorneys for Plaintiff***
                                                         ***MobileMedia Ideas LLC***


8

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was caused to be served on all counsel of record, who have consented to electronic service via e-mail, on this August 5, 2011.

/s/John Garvish
John Garvish