IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **MOBILEMEDIA IDEAS LLC,** § | |
| § | |
| Plaintiff, § | |
| § | CASE NO. 2:10-CV-113-TJW-CE |
| v. § | |
| § | |
| **RESEARCH IN MOTION LIMITED and** § | |
| **RESEARCH IN MOTION CORPORATION,** § | |
| § | |
| Defendants. § | |
| § | |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS EMERGENCY
MOTION TO COMPEL ADHERENCE TO THE SCHEDULE (DKT NO. 109)**

Both parties have agreed that they do not oppose or otherwise object to the Transfer Order and that this case may be transferred to the Northern District of Texas immediately. As noted by this Court in the Transfer Order, Defendants have argued "that transfer of the case to the Northern District of Texas would *decrease* the time to trial." (Dkt. No. 106 at 9 (emphasis added).) The only way for that to be possible is if the parties proceed with exchange of claim construction positions and fact discovery, which do not require any court involvement. The more the parties can accomplish until the transfer is complete, the better the Northern District of Texas will be able to manage this case and its overall docket, and having the parties continue with the process of claim construction and fact discovery is the only practical way that the time to trial in this case could decrease.

In their Response (Dkt. No. 111), Defendants assert that there are "several disputes between MMI, RIM and third parties that may very well require Court intervention," listing several examples. (Resp. at 3-4.) None of this justifies the stay that Defendants ask this Court to impose, for at least two reasons.

*First*, all of the issues recited by Defendants are still under negotiation between the parties.[1] The assertion that some or all of these will require a court's intervention is pure speculation.

In any event, the possibility of discovery motions being filed does not prevent the parties from continuing with other aspects of discovery, such as document discovery. This Court's Docket Control Order, entered in May, set a September 30 deadline for completion of document discovery, so Defendants should have been well on their way to substantially completing their document production before the Transfer Order was entered on August 30. Once this case is transferred, Defendants will have to complete their production of documents, and certainly MMI is prepared to complete its document production by September 30. Defendants appear to recognize that discovery can continue while transfer is pending: In the next week, Defendants are scheduled to proceed with depositions of four non-party inventors on four of the patents-in-suit, which were noticed by Defendants pursuant to subpoena, and yesterday, Defendants served responses and objections to MMI's Second Set of Interrogatories.

*Second*, none of the disputes recited by Defendants prohibit the parties from exchanging their preliminary claim construction positions, which the parties are currently scheduled to exchange on September 9, following an extension granted by this Court on September 2. (Dkt. No. 112.) Because the process leading up to claim construction briefing and the *Markman* hearing involves substantial work between the parties to narrow the issues for the Court, the parties should continue that work and exchange their preliminary claim constructions

---

[1] MMI does not agree with the characterizations of the various discovery-related issues, particularly with the suggestion that the disputes are all attributable to MMI. However, because the issue before the Court is whether the parties should continue to accomplish as much as they can while the transfer is pending, MMI will not burden the Court here with the complete factual background underlying the potential disputes raised by Defendants in their response.

and extrinsic evidence, which is also required by the Northern District's patent rules (MMI Brief, Ex. A), does not require any court involvement, and is not impacted by the issues raised by Defendants in their Response.

## CONCLUSION

In light of the foregoing and for the reasons set forth in its Emergency Motion, MMI respectfully requests that the Court order Defendants to proceed with discovery and with providing claim construction positions while the transfer is pending. MMI further respectfully requests that the suspension of the Transfer Order be lifted so that the transfer can proceed immediately.

Dated: September 8, 2011

Garrard R. Beeney
Adam R. Brebner
Jane J. Jaang
Taly Dvorkis
Victoria A. Coyle
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Kenneth Rubenstein
Anthony Coles
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

Respectfully submitted,

By: /s/ Sam Baxter
Samuel F. Baxter
Lead Attorney
State Bar No. 01938000
sbaxter@mckoolsmith.com
McKOOL SMITH P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

John F. Garvish, II
State Bar No. 24043681
jgarvish@mckoolsmith.com
McKOOL SMITH, P.C.
300 W. 6th Street, Suite 1700
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

*Attorneys for Plaintiff*
*MobileMedia Ideas LLC*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service,  Local Rule CV-5(a)(3)(A).  Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this September 8, 2011.


                                        /s/ John F. Garvish, II  
                                        John F. Garvish, II